THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN CLINGAN, Appellant, v. ANDREW S. DRAPER, State Superintendent of Public Instruction, Respondent.

*Superintendent of Public Instruction—his power to remove a school officer—disobedience of his order — his return conclusive—"willful" equivalent to "intentional."*

The Superintendent of Public Instruction is given power to remove any school officer who willfully disobeys his decision, order or regulation. Difficulties arose in a school district, and chapter 54 of the Laws of 1891 was passed in order to adjust them. Subsequently a meeting was had in the district, and certain action was taken which upon appeal was declared by the superintendent to be void. At the same time he directed John Clingan, a trustee, to do certain acts to close up the matters of the school district, pursuant to the act of 1891; and further ordered him, upon a day fixed, to show what he had done, and that if it should appear that he had not acted promptly and in good faith that he show cause why he should not be removed as trustee.

Clingan appeared before the superintendent and admitted that he had absolutely refused to perform the orders of the superintendent, whereupon he was removed.

In a proceeding by *certiorari* to review the action of the superintendent:

*Held*, that although the proceeding was summary, as the facts were admitted, the removal should be sustained.

That the return of the superintendent to the writ was conclusive as to the facts therein stated.

That, assuming that facts stated in the affidavit on which the writ was issued, and not contradicted by the return, were to be considered upon a hearing, the court would not reverse the decision of the superintendent as to a matter where the statute made his decision conclusive.

That "willful" in the statute giving the superintendent power of removal was equivalent to "intentional."

Certiorari, dated November 17, 1891, issued to review the order of Andrew S. Draper, State Superintendent of Public Instruction, removing the relator, John Clingan, from the office of school trustee of District No. 1 of the town of New Paltz, in the county of Ulster.

*D. M. De Witt*, for the relator.

*Linson & Van Buren*, for the respondent.

Herrick, J. :

This is a *certiorari* to review the action of the defendant as State Superintendent of Public Instruction, in removing the relator from his office of trustee of School District No. 1 of the town of New

Paltz, Ulster county. The power of the Superintendent of Public Instruction to remove school officers is under section 18 of title 1 of chapter 555 of the Laws of 1864, reading as follows: " Whenever it shall be proven to his satisfaction, that any school commissioner, or other school officer, has been guilty of any willful violation or neglect of duty under this act, or any other act pertaining to the common schools, or of willfully disobeying any decision, order or regulation of the superintendent, the superintendent may by an order under his hand and seal, which order shall be recorded in his office, remove such school commissioner or other school officer from his office."

It appears that in 1887 or 1888, at an annual school meeting held in District No. 1 of the town of New Paltz, the qualified voters resolved that an arrangement should be made with the Normal and Training School in said town for the instruction of the pupils in said school district, and that such an arrangement was entered into whereby the Normal School took charge of instructing the pupils of said district upon an annual payment, by the said district, of the sum of $800; that said agreement was continued from time to time, and at the annual school meeting held August 5, 1890, it was resolved that said agreement be continued for the ensuing year; the sum of $110 was voted to be raised to be paid to the Normal School, which, together with the public school moneys allotted to said district, would make the full sum of $800.

That the relator, John Clingan, was, on the 6th day of August, 1890, elected trustee and proceeded to hire two teachers for said district; he paid them the sum of $110, and levied and assessed a tax of $300 upon the district for the purpose of paying such teachers, and issued a warrant for the collection of such tax; then one of the residents and taxpayers of the district appealed to the Superintendent of Public Instruction from the action of the relator in employing such teachers, in paying out the school moneys to them and levying a tax upon the district to raise the additional amount; that appeal was not decided until September 11, 1891, and it was then, among other things, decided that the relator had legal authority to employ such teachers, and that his action in so doing must be upheld, and that the district must pay the teachers so employed. In so far as it concerned the employment of teachers

that appeal was not sustained; in some other respects, not necessary now to recount, it was; and, among other things, the relator was directed to cancel the old tax bill, restore all moneys collected under it and issue a new one to raise the moneys necessary to pay the wages of the teachers so employed by the relator, the superintendent deciding that the school moneys remaining in the hands of the local board of managers of the State Normal School were not applicable to pay such teachers.

In the meantime, pending such appeal, and before its decision, and on the 10th day of March, 1891, chapter 54 of the Laws of 1891 was passed, which was intended to settle the difficulties in the school district. It provided for the admission of pupils from School District No. 1, free of charge, to the practice department of the Normal School; that the State school moneys allotted to said District No. 1 in the year 1891 and thereafter should be paid over by the supervisor of New Paltz to the local board of managers of said Normal school; and it further provided that "The present district officers of School District No. 1, town of New Paltz, Ulster county, shall continue in their respective offices and discharge their duties pertaining thereto until any and all present indebtedness of said district is liquidated, and thereafter no school district meeting shall be held, nor school district officers chosen, and all school money remaining to the credit of said district after the liquidation of such indebtedness shall be paid over to the local board of managers of the State Normal School, located at New Paltz." On the 4th day of August, 1891, a meeting of residents of said District No. 1 was held, at which the relator was elected a trustee, and other persons were or claimed to be elected to the several school district offices. At such meeting resolutions levying a tax for the sum of $250 for teachers for the then ensuing year, fifty dollars for incidental expenses, the sum of $695 for teachers' wages employed by the trustee during the preceding year, were passed. After such meeting an appeal from the proceedings thereof was duly taken to the Superintendent of Public Instruction, and such proceedings were had upon said appeal that, on the 7th day of September, 1891, the superintendent made a decision wherein he sustained the appeal, and held the meeting of August 4, 1891, and all acts in pursuance thereof, to be unlawful, void, and of no effect; the order also directed the relator

what to do as trustee of the school district, to close up its affairs pursuant to chapter 54 of the Laws of 1891; and further ordered that the relator show before him on the 29th day of September, 1891, what proceedings he had taken in fulfillment of the order; and that if it should then appear that he had not proceeded promptly, intelligently and in good faith to obey the same, that he show cause at the same time and place why he should not be removed from the office of trustee.

Pursuant to said order the relator made a report to the defendant at the time and place named of his proceedings thereunder, whereupon such proceedings were had that the defendant did then and there remove the relator from his office of school trustee, and it is to review such order of removal that this proceeding is brought.

The return of the defendant is conclusive as to the facts therein set forth. (*People ex rel. Sims* v. *Fire Commissioners*, 73 N. Y., 437.) That return set forth that the relator appeared in person and by counsel before the defendant on the return day of the order hereinbefore referred to, and by the return and by the statement of his counsel admitted that he had violated that and a previous order of the superintendent, and had neglected and refused to comply with the orders of the superintendent, and that he had advised teachers to commence suits against the district for their wages, instead of levying a tax to raise the money to pay them as the superintendent had ordered him to do. As above stated the facts stated in the return are conclusive upon the court here, and these facts being true abundantly justified the defendant in removing the relator from office.

The proceeding was, perhaps, summary, but the facts were admitted; there was no occasion for proof. But it is claimed that there are facts stated in the affidavit upon which the writ was issued which are not denied in the return, and, therefore, the court may consider them, under the case of the *People ex rel. Peck* v. *Commissioners, etc., of Brooklyn* (106 N. Y., 64). The claim of the relator is, that the real reason the defendant removed the relator was that he refused to discontinue a proceeding he had brought to compel the local board of managers of the Normal School at New Paltz to pay over the public school moneys they had received, to be paid to the teachers employed by the relator.

Even if that were so, I see no reason to reverse the order of the superintendent. He had made a decision of that question himself, it was in a matter over which he had jurisdiction. He also, there and then, made a decision in regard to the matter, and it was in a matter where the statute made his decision conclusive. The conduct of the trustee as to school matters was also subject to his supervision and control. He, then and there, made an order, which he had a right to make, directing the relator to abandon his proceedings against the local board of managers of the Normal School, the relator then and there refused to abandon the proceedings, and expressly announced, by his counsel present with him, his intention of continuing such proceedings.

This, I think, constituted a willful disobedience of an order or decision of the superintendent within the meaning of the statute. Willful, I think, in this statute means intentional (*Anderson* v. *How*, 116 N. Y., 336); and the relator certainly intended to disobey the defendant's order. It was not a case of neglect, omission or misapprehension, but of absolute refusal, and an announcement of an intention of doing directly the reverse of what he was ordered to do.

The writ should be quashed, and the determination of the defendant affirmed, with fifty dollars costs and printing disbursements.

PUTNAM, J., concurred; MAYHAM, P. J., not sitting.

Writ of *certiorari* quashed, with fifty dollars costs and printing disbursements.