(142 App. Div. 102.)

PEOPLE ex rel. WOODWARD v. DRAPER, Commissioner of Education.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

SCHOOLS AND SCHOOL DISTRICTS (§ 53*)—PUBLIC SCHOOLS—OFFICERS—RE-
MOVAL—PROCEEDINGS—HEARING—NECESSITY.

Under Education Law, § 338, now Consol. Laws 1910, c. 16, § 95, pro-
viding that whenever it is proved to the satisfaction of the Commissioner
of Education that any school commissioner or other school officer has
been guilty of any willful violation or neglect of duty under this chap-
ter, or of willfully disobeying any decision etc., of such Commissioner
of Education, the latter may, by an order under his hand and seal, re-
corded in his office, remove such school commissioner from office, the
action of the Commissioner of Education in removing a school commis-
sioner was affirmed on certiorari, though a portion of the evidence con-
sidered by the Commissioner of Education in arriving at his determina-
tion consisted of letters appearing among the records of his office which
were not called to the attention of relator upon a hearing which was
accorded to him.

[Ed. Note.—For other cases, see Schools and School Districts, Dec.
Dig. § 53.*]

Kellogg and Houghton, JJ., dissenting.

Certiorari by the People, on the relation of William H. Woodward,
against Andrew S. Draper, as Commissioner of Education for the
State of New York, to review a determination removing relator as
school commissioner. Determination affirmed.

See, also, 67 Misc. Rep. 460, 124 N. Y. Supp. 758.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

Ainsworth & Sullivan, for relator.

Frank B. Gilbert, for respondent.

SMITH, P. J. On or about the 20th day of November, 1909, the
relator was personally served with an order, signed by the respondent,
to show cause why he should not be removed from office. That or-
der specified nine different charges against the relator, and the tenth
charge, that the relator had otherwise failed to perform the duties of
his office and had willfully failed and neglected to comply with the
requirements of the law, and had willfully disobeyed the regulations
of the Commissioner of Education. The order was returnable upon
the 30th day of November, 1909. At that date the relator appeared
before the respondent, where the charges were in form repeated, and
to which charges he made certain answers and explanations. After
this hearing, the respondent signed an order removing the relator from
the office of school commissioner, and by this proceeding is sought
to be reviewed such determination.

In his return the respondent has based his determination, not only
upon the hearing had before him upon the 30th of November, 1909,
but upon records in his office, showing letters sent and received, which
were not called to the attention of the commissioner upon this hear-
ing. One of the contentions of the relator in this proceeding is that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he was entitled to an opportunity to make full explanation as to these letters and this correspondence, and that no determination could be based thereon without giving to him such opportunity. The first question, therefore, to be determined goes to the right of the relator to a trial upon the charges made, as it would seem to be unquestioned that, if the law gives to him the right of a trial, he cannot be found guilty upon evidence that was not presented upon that trial, and to which he has not had opportunity to make answer.

The act of the respondent in removing the relator is justified under section 338 of the education law (now Consol. Laws 1910, c. 16, § 95). That section, so far as is material to this controversy, reads as follows:

> "Whenever it shall be proved to his satisfaction that any school commissioner or other school officer has been guilty of any willful violation or neglect of duty under this chapter, or any other act pertaining to common schools, or willfully disobeying any decision, order or regulation of the Commissioner of Education, said commissioner may, by an order under his hand and seal, which order shall be recorded in his office, remove such school commissioner or other school officer from his office."

It will be noticed that there is in this section no specific requirement that charges shall be made, or notice of charges given, or an opportunity of defense allowed to such school officer. On the other hand, by section 228 of the same law (now Consol. Laws 1910, c. 16, § 309) is given power to the Commissioner of Education to remove a member of the Board of Education. By that section it is provided that:

> "For cause shown, and after giving notice of the charge and opportunity of defense, the Commissioner of Education may remove any member of a Board of Education. Willful disobedience of any lawful requirement of the Commissioner of Education, or a want of due diligence in obeying such requirement or willful violation or neglect of duty is cause for removal."

In the one case, therefore, it is provided for a notice, a trial, and a determination of cause shown. In the other case there is no provision for notice or trial, and the condition of removal is proof "to the satisfaction of the commissioner." The omission of the right of notice and trial in the provision for the removal of a school commissioner could not have been inadvertent, and by settled rules of statutory construction the failure to provide for such notice and trial in the case of a school commissioner indicates a legislative intent that, when the Commissioner of Education is fairly satisfied by any fair proof of the willful neglect of the school commissioner to perform his duties, it is his obligation to remove him from office. That this proceeding is a summary one seems to have been held in People ex rel. Clingan v. Draper, 63 Hun, 389, 18 N. Y. Supp. 282. In People ex rel. Fonda v. Norton, 148 N. Y. 164, 42 N. E. 540, the opinion in part reads:

> "There are many statutes on the statute book relating to the employment and removal of police officers, clerks and employés in municipalities, which expressly or by implication require that the power of removal shall only be for cause after notice and hearing of the person whose removal is contemplated. The practice of legislation in this state has been to insert a provision for notice and hearing when this has been intended."

We are referred to no cases requiring a notice of charges and a trial, where such notice and trial were not specifically provided for in

the statute under consideration. This statement perhaps should be qualified by reference to the cases of the People ex rel. Smith v. Fire Commissioners, 103 N. Y. 370, 8 N. E. 730, and the People ex rel. Peck v. Fire Commissioners, 106 N. Y. 67, 12 N. E. 641, which arose under section 14 of title 13 of the charter of the city of Brooklyn, where the power was conferred upon the commissioners to remove members of the fire department "on conviction" of certain offenses therein specified. It was there held that the words "on conviction" implied and required a trial and determination of guilt. It is strongly contended by the relator that the provisions of this statute authorizing the removal of the relator when he shall be "proven guilty" of willful neglect impliedly require a trial. While recognizing that the contention is not without force, the requirement that he should be proven guilty "to the satisfaction of the commissioner," and the omission of the provision for notice and trial, which is specifically made as a condition precedent to the removal of other officers under other provisions of the same act, we think negatives any such inference which otherwise might be drawn from the language used.

Upon the question of fact, we cannot say that the conclusion of the respondent was unwarranted. While upon certain charges we might have doubt as to whether the facts indicated willful negligence on the part of the relator, from the record as a whole we find abundant support for a finding of such willful disregard of his duties as school commissioner as to seriously embarrass the administration of the education department, and to become intolerable to a superior depending upon his co-operation. We conclude, therefore, that the determination should be affirmed, with $50 costs and disbursements.

Determination of commissioner confirmed, with $50 costs and disbursements.

SEWELL, J., concurs. COCHRANE, J., concurs in result. KELLOGG and HOUGHTON, JJ., dissent.