HON. OTTO M. WOLF Town Attorney, Patterson
This is in response to your recent letter to our office wherein you ask the following questions:
1. May a town constable affix a red light and use a siren on a motor vehicle while performing his constable duties or off duty?
2. May the town purchase a town motor vehicle to be used for official duties by the town constable?
3. May the town board appoint a chief constable to direct the other town constables?
Vehicle and Traffic Law, § 375(41)(2), governs the display of flashing red lights that may be affixed to an "authorized emergency vehicle."
Vehicle and Traffic Law, § 375(26), governs the use of a siren whistle on an "authorized emergency vehicle."
An authorized emergency vehicle is defined as: "Every ambulance, police vehicle, fire vehicle and civil defense emergency vehicle." (Vehicle and Traffic Law, § 101.)
None of the above designated authorized vehicles include one that would be used by the town constable, whether owned by the constable or the town. The specific inclusion of one thing implies the exclusion of all others (People ex rel. Woodward v.Draper, 67 Misc. 460, affd. 142 App. Div. 102, affd. 202 N.Y. 612).
It should also be noted that a vehicle used by the town constable would not fall within the definition of a police vehicle (Vehicle and Traffic Law, § 132-a). While a town constable is included within the definition of a peace officer (Criminal Procedure Law, § 1.20-33[q]), he is not a police officer (Criminal Procedure Law, § 1.20-34). The town of Patterson is a town of the second class and we have held that such a town, which has not established a police department, may not grant police officer powers to the town constable (1972 Atty. Gen. [Inf.] 73). Therefore, a motor vehicle used by the town constable, regardless of the ownership of such vehicle, is not an "authorized" motor vehicle that could have a siren or red light affixed to it.
A purchase of a town motor vehicle by the town for official use by the town constable must fall within the town's power to purchase such motor vehicle. Article 8 of the Town Law relates to finances and includes procedures for the preparation, submission and adoption of the town budget.
Town Law, § 116, relates specifically to obligations that the town may incur. Section 14 of said section 116 states:
 "14. Notwithstanding the provisions of this chapter or any general or special law, when incurred pursuant to resolution of the town board the cost and expense of acquiring, purchasing, leasing or rental of any labor-saving device, machine or equipment to assist a town officer in the performance of the duties of his office."
The above section would appear to grant to the town board the authority to purchase a town motor vehicle for the town constable for his official duties only. In our present society, a motor vehicle could well be considered by the town board as a labor-saving and necessary device that would assist a town constable in the performance of the duties of his office. It should also be noted that the motor vehicle would be the property of the town and would be utilized solely for official town duties, and not for private use.
Town Law, § 20(1) (b), grants to the town board of a town that does not have a police department the power to appoint as many constables as it deems necessary. There is no provision of law providing for the appointment of a chief of constables to direct the other constables.
Local government units have only those powers that are granted to them by the State.
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers granted to them by the State * * *." (Seaman v. Fedourich, 16 N.Y.2d 94, 101 [1965].) See also Wells v. Salina, 119 N.Y. 280 (1890).
It is noted that the power to appoint a chief of police was expressly granted to the town board by Town Law, § 150. However, as aforementioned, this power was not granted to the town board regarding a chief of constables.
We conclude that a town constable does not have the authority to affix a red light or use a siren on a motor vehicle, regardless of whether such vehicle is owned by the constable or the town; that a town board has the authority to purchase a town motor vehicle for official duties only for the town constable; and, there is no authority of law for a town board to appoint a chief of town constables to direct the other constables.