HON. OTTO M. WOLF Town Attorney, Patterson
This is in response to your recent letter to our office wherein you ask us whether or not a red light may be affixed to vehicles owned and operated by fire policemen while engaged in a fire call, directing traffic at the scene of the fire or other fire related activities.
General Municipal Law, § 209-c, provides for a fire police squad of fire departments and fire companies and states, in part, as follows:
 "The authorities having control of fire departments and fire companies may organize within such departments or companies fire police squads composed of volunteer firemen who are members of such departments or companies. Members of fire police squads, so organized, at such times as the fire department, fire company or an emergency rescue and first aid squad of the fire department or fire company are on duty, or when, on orders of the chief of the fire department or fire company of which they are members, they are separately engaged in response to a call for assistance pursuant to the provisions of section two hundred nine of the general municipal law, shall have the powers of and render service as peace officers. * * *"
Vehicle and Traffic Law, § 375(41), governs the display of flashing red lights that may be affixed to an "authorized emergency vehicle."
An authorized emergency vehicle is defined as: "Every ambulance, police vehicle, fire vehicle and civil defense emergency vehicle." (Vehicle and Traffic Law, § 101.)
Vehicle and Traffic Law, § 115-a, defines a fire vehicle as follows:
 "Every vehicle operated for fire service purposes owned and identified as being owned by the state, a public authority, a county, town, city, village or fire district, or a fire corporation subject to the provisions of subdivision (e) of section fourteen hundred two of the not-for-profit corporation law or a fire company as defined in section one hundred of the general municipal law. Any of the following vehicles shall be fire vehicles only for the purpose of section one hundred one of this chapter:
 "1. a vehicle operated by officials of the division of fire safety in the office for local government of the executive department,
 "2. a vehicle ordinarily operated by a chief or assistant chief of a fire department, or a county or deputy county fire coordinator, or county or assistant county fire marshall, or such vehicle when operated in an official capacity by or under the direction of such person, and
 "3. a vehicle specially designed and equipped for firefighting purposes which is regularly used for firefighting purposes by a firefighting unit on property used for industrial, institutional or commercial purposes and which vehicle is owned by the owner or lessee of such property."
It is clear that privately owned fire police vehicles, regardless of what duties they are engaged in, do not fall within the definition of a fire vehicle. The specific inclusion of one thing implies the exclusion of all others (People ex rel. Woodward v.Draper, 67 Misc. 640, affd. 142 App. Div. 102, affd. 202 N.Y. 612).
Accordingly, we conclude that fire policemen may not affix red lights to their own vehicles, regardless of what duties they are engaged in.