(101 App. Div. 453)

### PEOPLE ex rel. O'KEEFE v. HYNES, Com'r.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. NEW YORK CITY CHARTER—CIVIL SERVICE—REMOVAL OF EMPLOYÉS—INSTITU-
TION OF IMPROPER PROCEEDINGS.

Proceedings under Greater New York Charter, § 1543 (Laws 1897, p. 541, c. 378), authorizing the removal of civil service employés after being accorded an opportunity to explain, are a nullity, where the employé is an honorably discharged soldier, within the provisions of Laws 1902, p. 805, c. 270, requiring a hearing upon due notice upon stated charges in order to accomplish such removal, and do not operate either as a bar or as an estoppel to the institution of proper proceedings.

2. SAME.

Laws 1902, p. 805, c. 270, amending Laws 1899, p. 809, c. 370, § 21, relative to the employment and removal of honorably discharged soldiers and sailors in the civil service, by omitting therefrom the words "or is an honorably discharged soldier, sailor or marine of the regular army of the United States," leaves the protection accorded to veterans limited in its application to soldiers who have served either in the Civil or Spanish War; and a soldier who falls within neither of those classes is not entitled to the trial and hearing provided for in said section as a condition of removal from employment, but is entitled merely to an opportunity to explain, under the provisions of Greater New York Charter, § 1543 (Laws 1897, p. 541, c. 378).

3. SAME—REVIEW OF PROCEEDINGS.

    The fact that a civil service employé who was removed under the provisions of Greater New York Charter, § 1543 (Laws 1897, p. 541, c. 378), after being accorded an opportunity to explain, was subsequently given a trial and hearing, to which he was not entitled, under Laws 1902, p. 805. c. 270, does not prejudice him, or afford ground for a certiorari to review his removal.

    Certiorari by the people, on the relation of John O'Keefe, against Thomas W. Hynes, as commissioner of the department of corrections of the city of New York. Dismissed.

    Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

    Henry Silverman, for relator.
    Theodore Connoly, for respondent.

    HATCH, J. The relator was removed by the commissioner of the department of corrections of the city of New York, after a trial upon specified charges. The position which the relator held is within the classified civil service of the city of New York, and subject to competitive examination. After having passed the civil service examination, the relator was appointed a keeper in the department of corrections upon the 30th day of January, 1897. On the 17th day of September, 1903, charges of disobedience of orders and absence without leave were preferred by respondent against the relator. Pursuant to the provisions of section 1543 of the Greater New York Charter (Laws 1897, p. 541, c. 378), the relator was accorded an opportunity to explain, and, after offering such excuse as he had in answer to the charge, the respondent adjudged him guilty of the charges, and removed him from his position. Thereafter the relator sued out a writ of certiorari to review the action thus taken. Before such proceeding was brought to a hearing, however, he was reinstated by the respondent, on the 15th day of October, 1903, and again assigned to duty. On the next day the same charges were again preferred in writing and served upon the relator, upon which he was thereafter accorded a trial. Testimony was taken, from which it appeared that the relator had been absent from duty without leave, as specified in the charges. Evidence was also given tending to establish that the relator was intoxicated while on duty, and that he had been relieved from the performance of his duties on one occasion by reason of such intoxication. This offense was not embraced within the charges upon which he was given the right to explain, nor in the charges upon which he was accorded a trial. The relator denied the fact of intoxication at the time when he was relieved from duty, and claimed to have been sick. He produced a physician who testified that he treated him, while absent, for illness, and at that time relator was not intoxicated. After a trial had, the relator was adjudged guilty of the charges specified, and he was removed from his position; the reasons for such action being specified in writing and signed by the commissioner.

    It is claimed upon this appeal that the first proceeding, in which the relator was accorded an opportunity to explain, constituted a bar and estoppel to the institution of the proceedings upon which he was tried

and removed. And it is further claimed that the relator was an honorably discharged soldier from the service of the United States army, and that he could not be removed from his position, except for incompetency or misconduct, shown after a hearing upon due notice upon stated charges, pursuant to the provisions of section 21 of chapter 370, p. 809, of the Laws of 1899. If the latter contention be correct, then the former proceeding was a nullity, and did not operate either as a bar or an estoppel to a proceeding instituted as required by the provisions of the statute. The proof adduced upon the trial shows that the relator, while an honorably discharged soldier, did not serve in the War of the Rebellion or in the Spanish War as a soldier. By the provisions of chapter 270, p. 805, of the Laws of 1902, section 21 of chapter 370, p. 809, of the Laws of 1899 was amended by omitting from the section "or is an honorably discharged soldier, sailor or marine of the regular army of the United States." This left the protection accorded to veterans limited in its application to soldiers who had served either in the Civil or Spanish War, and, as the relator fell within neither of these classes, and not being embraced within any of the other classes specified in the section, he was without any protection on that account. Therefore he was not entitled to a trial and hearing upon specified charges. His sole right was to have an opportunity to explain before removal, and, if removed, the causes therefor were to be specified in writing. The fact that he was accorded a trial in no wise prejudiced him. Its only effect was to enlarge the relator's opportunity to explain his conduct, and the earlier proceeding could have no bearing thereon, nor was he prejudiced thereby. Certiorari will not lie to review such proceeding. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701; People ex rel. Scheel v. Guilfoyle, 65 App. Div. 498, 72 N. Y. Supp. 891.

It follows that the writ of certiorari should be dismissed, and the proceedings affirmed, with costs to the respondent. All concur.