In the Matter of BENJAMIN DORNFEST, Petitioner, against RAYMOND M. HILLIARD, as Commissioner of Welfare of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, May 8, 1951.

*Matthew Silverman* for petitioner.

*John P. McGrath, Corporation Counsel* (*E. Allen Jacobs* of counsel), for respondents.

DICKSTEIN, J. It is quite apparent that petitioner's dismissal at the end of his probationary period was mainly, if not solely predicated upon the incident at the staff meeting in August, 1950. The probationary term, provided for by section 9 of the Civil Service Law and subdivision 3 of section VIII of Rule V of the Rules of the Municipal Civil Service Commission of the City of New York, is to allow the head of a department to ascertain the fitness of the probationer and to learn if he will be satisfactory in the position for which he was appointed. Until a candidate receives a permanent appointment, the appointing power need not afford the candidate a hearing upon charges before dispensing with his services at the end of the probationary period. (*People ex rel. Zieger* v. *Whitehead,* 94 Misc. 360;

*Matter of DeMilio* v. *Lounsbery,* 275 App. Div. 979.) The head of the department is, however, limited to the legal requirement that the dismissal of the probationer shall not be arbitrary, illegal or capricious. The courts will not interfere with a reasonable exercise of discretion by the administrative official. The record here fails to establish that the determination of the commissioner of welfare was made in bad faith, or that it was arbitrary and capricious. It appears that the determination was made upon consideration of all of the circumstances including the record of petitioner's service and the determinations and recommendations of petitioner's immediate superior officers as well as the review board of the department of welfare. This court can see no legal basis for disturbing the result. The application is denied and the petition is dismissed. Settle order.