Henry Clay Greenberg, J.
Petitioner seeks in this article 78 proceeding brought against the respondents, police commissioner, Civil Service Commission and the comptroller, all of New York City, to review and annul the determination of the police commissioner which terminated the petitioner’s status as a probationary patrolman effective July 31, 1956. Petitioner further applies for reinstatement and for the pay he would have earned as a patrolman since July 31, 1956.
The facts are not in dispute. Movant, an honorably discharged veteran, filed for an examination for the position of patrolman, police department, City of New York. He successfully competed in the written examination and thereafter passed the physical and medical tests. The Civil Service Commission investigated his background and found him duly qualified. He was then certified as eligible for appointment. Thereafter, petitioner took the pre-appointment medical examination administered by the police surgeons and was appointed a probationary patrolman.
Prior to the termination of petitioner’s probationary term, he submitted to a medical examination given by the medical and surgical bureau of the police department and was found to be suffering from hypertension. The examining committee of police surgeons thereupon recommended petitioner’s disqualification for permanent appointment. The police commissioner disapproved petitioner for permanent appointment as a result of the medical recommendations and ordered the termination of petitioner’s services as a probationary patrolman to take effect at the conclusion of said term. The department of personnel and petitioner were notified accordingly.
Petitioner contends that the police commissioner’s dismissal, based on the claim of physical unfitness, was contrary to the requirements of section VII of rule III of the Rules and Regulations of the New York City Civil Service Commission and exceeded the commissioner’s statutory jurisdiction. He maintains that his health is excellent and denies that he ever suffered from hypertension. In addition, it is urged that the authority of the police commissioner is circumscribed and delimited by the Civil Service Commission’s certification of a *481 candidate’s qualifications and eligibility. Therefore, the police commissioner’s action in dismissing the petitioner, notwithstanding his certification, in effect constitutes a challenge of his qualifications and eligibility. Such action, it is claimed, is illegal, unwarranted and in excess of the functions of an appointing officer.
In this article 78 proceeding the inquiry is limited to the issue of whether the police commissioner acted arbitrarily or capriciously in terminating petitioner’s status and in failing to appoint him a patrolman at the end of his probationary term.
In order to correctly evaluate and delineate the specific authority of the Civil Service Commission, the personnel director and the appointing officer (the police commissioner), attention is focused upon pertinent statutory provisions as follows:
Section 9 of the Civil Service Law:
“All appointments or employments in the classified service shall be probationary and the civil service commission having-jurisdiction shall, by rule, provide for the conditions and extent of probationary service.”
Section 813 of the New York City Charter:
“ The personnel director shall have the following powers and duties in addition to the powers and duties vested in him as the head of the department:
* * *
“ f. To investigate applicants for positions in the civil service ; to review their qualifications, and to revoke or rescind any certification or appointment by reason of the disqualification of the applicant or appointee under the provisions of the civil service law, the rules of the civil service commission, or any other law;”
Section 434 a-8.0 of the New York City Administrative Code:
“ c. Preliminary to a permanent appointment as patrolman there shall be a period of probation for such time as is fixed by the civil service rules, and permanent appointments shall only be made after the required probationary period has been served ”.
Section VII of rule III of the New York City Civil Service Commission Bules and Begulations:
“ 1. (b) Whenever the Director shall find during the probationary period that an appointee has an unsatisfactory character or reputation or is unfit mentally or physically to hold the position to ivhich he was appointed, he shall be marked *482 ' not qualified ’ and the certification of his name shall be revolted and his services shall be terminated. (Italics added.)
“ 2. Except in a case where the Medical Examiner of the Department of Personnel has, after examination, found the person mentally or physically unfit, the Director, or his duly designated representative or representatives, shall accord any such person, after due notice to him, an opportunity to be heard prior to talcing appropriate action as prescribed under subdivisions (a) and (b) of paragraph 1 of this section. Whenever such hearing is conducted by a representative or representatives of the Director, the record of such hearing together with such recommendations as may be made shall be referred to the Director for review and decision.” (Italics added.)
Section VIII of rule V:
“ 3(a) There shall be a probationary period of six months for all permanent appointments, except in the case of appointments to the position of Patrolman and Policewoman in the Police Department wherein the probationary period shall be nine months. At the end of such probationary period or periods the appointing officer may terminate the employment of any unsatisfactory employee by notice to the employee and the Director.” (Italics added.)
The probationary appointment of petitioner was for a fixed specific term of nine months. Petitioner ceased to be a patrolman at the conclusion of that period. When the respondent police commissioner notified petitioner of his decision not to continue him in a permanent capacity, such action was clearly encompassed within the powers and duties entrusted to this appointing officer. No charges or formal hearing are necessary where, at or prior to the expiration of the probationary term, the candidate's services are found unsatisfactory. (De Milio v. Lounsbery, 275 App. Div. 979.) The applicable regulation is .section VIII of rule V (supra) not section VII of rule III, supra, as suggested by movant herein. The decision in Matter of Lore v. Kennedy (154 N. Y. S. 2d 177) is not in point. There, the eligibility of the candidate was in dispute. Again, in Matter of Murphy v. Adams (147 N. Y. S. 2d 438) the issue related to the authority and function of the Civil Service Commission with respect to revocation of a certificate of eligibility. Similarly, the decision in Matter of Malara v. Monaghan (131 N. Y. S. 2d 270) is distinguishable. There, the inquiry involved reinstatement as contrasted with reappointment and revocation of a certificate of eligibility.
The purpose of the probationary term prescribed by section 9 of the Civil Service Law and section VIII of rule V is tq *483 allow the appointing officer a fair opportunity to ascertain the fitness of the probationer and to appraise his abilities in relation to the duties of his specific position (Matter of Dornfest v. Hilliard, 200 Misc. 649). In refusing to appoint petitioner to permanent status because of the determination that he was an unsatisfactory probationer, the police commissioner did not question, overrule or seek to go behind the Civil Service Commission’s certification of the candidate’s eligibility or to usurp the investigatory functions of the personnel director. He was engaged in the proper discharge of the authority invested in him (People ex rel. Hoeges v. Guilfoyle, 61 App. Div. 187; Matter of Wolf v. Conway, 276 App. Div. 798). The rationale of these decisions includes a dismissal of a probationary patrolman on medical grounds initially ascertained during the probationary term (Hansen v. Kennedy, N. Y. L. J., Sept. 13, 1956, p. 6, col. 6; see, also, People ex rel. Sweet v. Lyman, 157 N. Y. 368, 373). The court is satisfied that the police commissioner acted within the scope of the legal discretion of his office and that movant has failed to show he acted illegally, arbitrarily or capriciously (see Matter of Strauss v. Hannig, 256 App. Div. 662, 665, affd. 281 N. Y. 612). Even where there is a contradiction in medical reports of private physicians and the reports of the police department surgeons, the police commissioner’s acceptance and reliance on the latter is not arbitrary, unreasonable or capricious (Matter of Nilsson v. La Guardia, 259 App. Div. 145; Matter of Schwab v. McElligott, 282 N. Y. 182, 187).
The decision in Matter of Going v. Kennedy (3 Misc 2d 922) is cited as determinative. The propriety of the notice of termination of the probationer’s service, a major issue in the Going case (supra) is not in dispute herein. There, the second issue was whether the police commissioner’s finding of “unsatisfactory employee” in respect of the petitioner was arbitrary and capricious. The decision was in petitioner’s favor. It is grounded in the interpretation and construction of certain new enactments relating particularly to the authority of the director of personnel. Upon careful scrutiny of the suggested effect of the repeal of the former chapter 35 of the New York City Charter and the enactment of a new chapter 35 (L. 1954, ch. 354) set forth in the decision in the Going case (supra) the court is constrained to disagree with the interpretation and construction placed upon the new chapter 35 in that decision.
The new enactment fails to provide specifically that the director of personnel and not the police commissioner is *484 invested with the authority to disqualify and terminate the services of a probationary appointee for physical unfitness. Such concept, that the appointing officer is devoid of any authority to refuse to appoint an unsatisfactory probationer, conflicts in the court’s opinion with the clear, inherent purpose of section VIII of rule V and is foreign to the basic jurisdiction of the appointing officer, particularly the police commissioner. The entire question of the purport and functions of a probationary appointment would require a detailed and complete re-examination if the appointing officer is to be precluded or estopped from appraising and evaluating the relative success of the candidate’s probationary term.
In the light of existing legal precedents, the realistic and practical application of the appointing officer’s assignment, the existing statutory distinctions relating to investigation, certification, appointments, both probationary and permanent, and moreover, in the absence of an expressed, concise statutory revocation or modification thereof, it is this court’s opinion that the appointing officer has the authority and the duty to reject an unsatisfactory probationer. Accordingly, the motion is denied and the petition dismissed.
Settle order.