William E. Brennan, Jr., J.
Petitioner, the owner of two separate and small parcels of land in that section of the Town of Oyster Bay known as Breezy Point, brings this article 78 proceeding to review a determination of the Town Board denying- him the issuance of building permits for the construction of a one-family home on each parcel.
Petitioner first made application for the permits to the Manager of the Building Department of the town. The applications were denied and permits refused because the plans, though conforming to the zoning ordinance, did not show that the dwellings were to be connected to a public water supply. The Manager of the Building Department conceded that this denial constituted a reversal of previous policy and was based primarily upon the recommendation of the Nassau County Health Department to the effect that since a survey conducted by the department indicated that the ground water in the area contained detergents and other indicators of fecal contamination, no building permits should be issued in the geographical area involved unless the new dwellings were connected to public water supply.
Thereafter, petitioner commenced a proceeding in the nature of a mandamus against the Manager of the Building Department and his petition in that proceeding- was dismissed on the ground that he had not exhausted his administrative remedies. Subsequently, the petitioner applied to the Town Board for a variance, *81 After a hearing, the board issued the order which is now subject to review.
Petitioner first maintains that the Manager of the Building-Department and the Town Board have no power to deny building permits for the reason stated. In this connection, it must be noted that while the building code itself sets forth no requirement that homes in this or in any other area be serviced by public water supply, it nevertheless delegates to the Manager of the Building Department the determination of all questions relating to building or building operations necessary for safety and public welfare which are not covered by the code. This delegation is accompanied by a standard by which the Manager of the Building Department is to be guided: “the best trade practices or recognized standards of competent authorities having jurisdiction or specializing in the same ” (Oyster Bay Building Code, § 1, subd. 7). There is no doubt that the Town Board has authority as a legislative body to delegate to such an administrative officer authority to carry out its legislative policies provided a proper standard or policy is established as a guide for administrative action. (Thomas v. Board of Stds. & Appeals, 263 App. Div. 352, 359 ; Matter of International Ry. Co. v. Public Serv. Comm., 264 App. Div. 506, 510, affd. 289 N. Y. 830.)
The standards set forth in the building code constitute a sufficient guide. (Matter of City of Utica v. Water Pollution Control Bd., 5 N. Y. 2d 164, 169 ; Kaskel v. Impellitteri, 306 N. Y. 73 ; Marburg v. Cole, 286 N. Y. 202 ; People ex rel. Lieberman v. Vandecarr, 175 N. Y. 440, affd. 199 U. S. 552 ; Aloe v. Dassler, 278 App. Div. 975, affd. 303 N. Y. 878 ; Roosevelt Field v. Town of North Hempstead, 277 App. Div. 889.) Moreover, since the petitioner is not in this proceeding seeking an order against the Manager of the Building Department, but, on the contrary, asking a review of the Town Board’s determination under subdivision 6 of section 1 of the Building Code (which is in the nature of a variance or a special exception reserved to that local legislative body), the question of adequacy of standards has no application. (Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534 ; Matter of Larkin Co. v. Schwab, 242 N. Y. 330.)
The petitioner further contends that the decision of the board was arbitrary, unreasonable and capricious, but even a cursory reading of the record demonstrates that there was ample evidence before the board under which it could determine that the health of the residents in the area as well as future residents of the town who might purchase dwellings to be erected might *82 be seriously endangered due to the contamination of the water supply. “ The police power of the State is the least limitable of all the powers of government ” (Matter of Engelsher v. Jacobs, 5 N Y 2d 370, 373) and the Town Board was here acting under the police powers. It cannot be said, therefore, that the Town Board was arbitrary in refusing to grant the application. (See Thomas v. Board of Stds. & Appeals, 263 App. Div. 352, 362-363.)
Another contention advanced by petitioner is that the denial of his right to - cross-examine witnesses at the hearing before the Town Board constituted a deprivation of procedural due process of law. The answer to this is simply that the section of the building code invoked does not provide for the type of formal quasi-judicial hearing which requires the swearing of witnesses, cross-examination and other formalities which attend judicial proceedings. (Matter of Town of Waterford v. Water Pollution Control Bd., 5 N Y 2d 171, 183-184.)
In the final analysis petitioner’s grievance is not with the Town Board’s determination that public water supply is indispensable to the proper health of the future residents of the area. The essence of this complaint pertains to the method by which the public water will be made available. It appears from the record that the only method afforded, is that offered by the franchised water company,— a method under which the petitioner would have to expend some $4,900, representing the cost to the water company of bringing its mains to points from which water could be piped into the homes to be erected. An attack upon the reasonableness of the method provided, however, injects into the ease matters not covered by the record, parties not named in the proceeding, and issues which might, at least in the first instance, have to be determined by the Public Service Commission. (Public Service Law, § 89.) It is entirely possible that the Town Board may be of assistance to the petitioner in having determined the reasonableness of the method (see Matter of City of New York v. New York Water Serv. Corp., 274 N. Y. 100), for it may be to its own interest. As was stated in City of Columbus v. Mercantile Trust & Deposit Co. (218 U. S. 645, 658-659) : “ No higher police duty rests upon municipal authority than that of furnishing an ample supply of pure and wholesome water for public and domestic uses. The preservation of the health of the community is best obtained by the discharge of this duty, to say nothing of the preservation of property from fire, so constant an attendant upon crowded conditions of municipal life. If a municipality elect to contract with another for the discharge of this function, it is under the *83 greatest obligation to require that the contractor shall engage to' construct and maintain adequate méans and furnish an adequate supply, in quality and- quantity, to at all times meet the public necéssity.”
The adequacy of the method, however, is clearly not before the court. It is merely held here that in the exercise of its police powers, the Town Board had the right under the facts disclosed by the record to refuse the issuance of building permits for the reasons stated. The petition is therefore dismissed.