In the Matter of MARTIN J. ADLER, Petitioner, v. THEODORE H. LANG et al., as Commissioners of the Civil Service Commission of the City of New York, Respondents.

First Department, April 21, 1964.

*Robert J. Mozer* of counsel (*Harold, Luca, Persky & Mozer,* attorneys), for petitioner.

*George H. P. Dwight* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for respondents.

VALENTE, J.   This is an article 78 proceeding which was transferred to this court pursuant to subdivision (g) of 7804 Civil Practice Law and Rules.   Petitioner seeks to review a determination of the Civil Service Commission of the City of New York (Commission) denying his appeal from the determination of the Personnel Director of the City of New York which marked him " not qualified " for the position of assistant mechanical engineer because of his " arrest record ".

After petitioner had passed a competitive examination for the position of assistant mechanical engineer, he was, on June 27, 1962, appointed to such a position for a probationary period subject to investigation.   Before that probationary period had expired, petitioner was marked " not qualified " by the Personnel Director on January 24, 1963.   Pursuant to section 50 of the Civil Service Law and rule IV (§ III, par. 4.3.5, subds. [a], [b]) of the Rules and Regulations of the New York City Civil Service Commission, petitioner appealed to the Commission.   After conducting what purported to be a hearing on February 27, 1963, the Commission affirmed the action of the Personnel Director.   The notification of affirmance, dated February 28, 1963, merely stated that the appeal on the disqualification had been denied.

Petitioner was marked disqualified by the Personnel Director because of his " arrest record ".   That " arrest record " appears in an Investigation Report submitted by the Director of Investigations of the Bureau of Administrative Services of the Department of Personnel.   It sets forth an adjudication as a wayward minor in November, 1950 upon a charge of burglary and possession of burglar's tools upon which petitioner was placed on probation.   The other arrest arose out of a charge in April, 1953, accusing petitioner in concert with another of abduction and related crimes.   The abduction charge was

dismissed and the petitioner pleaded guilty to assault, third degree, and was given a suspended sentence of one year in the penitentiary.

The blanket approval of the disqualification by the Commission does not give the basis of their denial of the appeal. It may not therefore be assumed that the entire "arrest record" was not considered in reaching that conclusion, although it is argued by respondents, in this court, that the Commissioners were concerned primarily, if not solely, with the assault conviction and that there is no indication that petitioner's wayward minor adjudication was relied upon or that any unfavorable inference was drawn from it.

In our opinion, this matter must be remanded for a new hearing. Initially, we cannot accede to the assumption that the wayward minor adjudication was not considered by the Commissioners in arriving at their determination. Petitioner was found "not qualified" by virtue of his "arrest record", which included the wayward minor adjudication. The affirmance by the Commission was in general terms of approval. As in the cases of a general verdict of a jury, a court may not guess upon what ground, to the exclusion of others submitted to the jury, a verdict was reached, in the absence of a special verdict.

Clearly, however, the statutes of this State prohibit the use of an adjudication as a wayward minor to "operate as a disqualification of any such person subsequently to hold public office, public employment, or as a forfeiture of any right or privilege or to receive any license granted by public authority" (Code Crim. Pro., § 913-dd). A similar rule applies as to adjudications of youthful offenders (Code Crim. Pro., § 913-n). So, too, in section 45 of the old Children's Court Act and section 84 of the Domestic Relations Court Act, there were prohibitions against the use of adjudications in the Children's Courts in connection with disqualifying a person from holding public office. The new Family Court Act, which supplanted the Children's Court Act and the Domestic Relations Court Act, also provides, in section 782, that any adjudication under that article shall not operate as a forfeiture of any right or privilege or disqualify any person from subsequently holding public office.

The policy behind those provisions is clear and unmistakable, viz., to avoid the perpetual stigma of conviction as to persons who in early life have run afoul of the law. In cases of offenses by juveniles, there was to be a type of amnesty by

oblivion. In *Matter of Anonymous* v. *New York City Tr. Auth.* (4 A D 2d 953, affd. 7 N Y 2d 769) the court in the Second Department said: '' section 913-dd of the Code of Criminal Procedure expressly prescribes that a person who has been adjudged a wayward minor shall not thereby be disqualified from holding public office or employment. In effect, this statute, for the purpose of determining fitness and eligibility for public office or employment, obliterates the transgressions which gave rise to the adjudication. Respondent is entitled to all the protection which the statute affords. For the appellant now to draw any inference adverse to the respondent's character by reason of his derelictions when a minor is to deny to respondent the protection of the statute, to ignore its beneficent purpose and to violate the fundamental public policy which it so clearly manifests.'' (See, also, *Sutton* v. *New York City Tr. Auth.,* 150 N. Y. S. 2d 207.)

Since, as already demonstrated, we cannot say on the basis of the record before us, to what extent, if any, petitioner's adjudication as a wayward minor was improperly considered by the Personnel Director and the Commission in determining that petitioner was '' not qualified '', there must be a remand, at least, for clarification on that matter.*

Before tackling the question of the adequacy of the hearing on petitioner's appeal to the Commission, we must first dispose of respondents' contention that there was no statutory requirement for a hearing and that the Commission merely voluntarily afforded petitioner a hearing under its rules. Section 50 (subd. 4, par. [d]) of the Civil Service Law provides that the State Civil Service Department and municipal commissions may refuse after examination to certify an eligible who has been guilty of a crime or of infamous or notoriously disgraceful conduct. That section also provides: '' No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor

---

* There is a strong public policy evidenced by the statutes prohibiting the use of adjudications of wayward minor, youthful offender, and juvenile delinquent as disqualification from holding public office or employment. A problem is posed as to the submission of records of any such adjudications to appointing officers, or others, in connection with applications for public employment. Where knowledge of such adjudications is communicated, it may be impossible to obliterate the effect of the acquisition of such information. But the nature of the position in a few categories may require disclosure of prior youthful offenses. It would be desirable if this subtle obstacle to a proper effectuation of the policy for the protection of persons who have been guilty of youthful indiscretions could be removed, giving due regard to the exigencies for disclosure in appropriate cases in the public interest.

and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification."

Admittedly those provisions do not mandate a statutory disqualification hearing. However, section 20 of the Civil Service Law, makes provision for the adoption of rules by municipal civil service commissions to effect the provisions of the Civil Service Law and of section 6 of article V of the Constitution of the State of New York. Subdivision 2 of section 20 prescribes the procedure for the adoption of such rules and directs that such rules, when adopted, " shall have the force and effect of law ".

Pursuant to section 20, the New York City Civil Service Commission adopted a rule (rule IV, § III, par. 4.3.5) which provides that the Commission " shall also afford such appellant a hearing with representation by counsel," when dealing with the disqualification of an applicant or eligible. Such a rule is not inconsistent with nor does it contravene, the provisions of subdivision 4 of section 50 affording an eligible " an opportunity to make an explanation and to submit facts in opposition to such disqualification ". Consequently, as provided for in section 20 of the Civil Service Law, section III of rule IV of the City Civil Service Commission's Rules and Regulations has the force and effect of law. (*Matter of O'Brien* v. *Lang*, 18 A D 2d 140, 143, affd. 13 N Y 2d 688; *Matter of O'Brien* v. *Delaney*, 255 App. Div. 385, 387, affd. 280 N. Y. 697; *Matter of Cuzzivoglio* v. *Hamlin*, 202 N. Y. S. 2d 402, 403, affd. 13 A D 2d 614, app. den. 13 A D 2d 899; see, also, *Shaughnessy* v. *Accardi*, 349 U. S. 280, 285.) In fact, in recognition of its rule, the Commission did purport to hold a hearing on the question of petitioner's disqualification, as shown by the transcript of the proceeding before the Commission on February 27, 1963, in the record before this court.

A hearing required by a rule, which has the force and effect of law, is equivalent to one mandated by statute. The right to a hearing carried with it a right to a meaningful hearing in which petitioner would be given an opportunity to submit proof and support his contentions by argument.

Respondents argue that the Commission's determination can be supported by petitioner's assault conviction in 1953 since section 50 (subd. 4, par. [d]) of the Civil Service Law permits disqualification of one who has been guilty of a crime. However, the hearing on the question of the nature of the crime and petitioner's involvement therein, was wholly inadequate. In the first place, the conviction resulted from a plea to the crime of assault, third degree — a misdemeanor. This was

evidently a plea to a lesser offense than that charged.* "Such a plea does not presuppose the truth of the facts pleaded in the indictment * * * His plea only admits the facts stated in the plea as constituting the lesser crime." (*People* v. *Griffin,* 7 N Y 2d 511, 515.) It is evident from the transcript, however, that the Commissioners were concerned with the original charge against petitioner, and did not confine. themselves to a consideration of merely the plea of simple assault. Under those circumstances, the hearing became inadequate when the Commissioners refused to permit petitioner to proffer a witness who could give material and relevant testimony as to the circumstances surrounding the charge which resulted in petitioner's plea of *guilty to simple* assault.

A new hearing is therefore required, at which petitioner will be afforded an opportunity to present evidence as to the circumstances of the conviction upon which the Commission evidently relied, in whole or in part, in disqualifying petitioner.

It would seem appropriate that following the new hearing directed herein, the Commission indicate in its ultimate ruling, the basis for its conclusion so that there be no doubt about the reason for any decision reached.

The determination of the Commission should therefore be annulled, without costs, and the matter remitted to the Commission for further proceedings not inconsistent with this opinion.

EAGER, J. (concurring in result). This article 78 proceeding was brought to review the determination of the Civil Service Commission denying an appeal from a decision of the Personnel Director marking petitioner "not qualified" for appointment to a city position. The reason assigned was his "arrest record". Such record disclosed a wayward minor adjudication arising out of a charge of burglary and the possession of burglar's tools; also, a later conviction, on a plea of guilty, to assault in the third degree, upon which conviction he was sentenced to one year in the penitentiary and sentence suspended; and further listed were a number of convictions for traffic violations. It does not appear, however, as pointed out by the majority opinion, whether or not the determinations of the Personnel Director and of the Commission were improperly influenced by the wayward minor adjudication.

Note should be made of the fact that we have an incomplete record here. It does not contain a copy of the Commission's

---

* The record does not show whether there was an indictment or an information filed, or in what court the charge was made and the plea taken.

determination sought to be reviewed and annulled. Following the argument, the court was furnished with a copy of a notice sent by the Commission to the petitioner which merely stated that the Commission "at its meeting held on the above date denied your appeal on your disqualification for the afore-mentioned position." Of course, the notice which we now have was not the determination. The resolution or other action taken at the meeting of the Commission would constitute the determination and the same should have been made a part of the record.

The petitioner urges that, in any event, we should annul the determination of the Civil Service Commission because he was denied a "statutory right" to a hearing before the Commission. He claims that he was denied due process in that the Commission at its hearing, refused to receive the testimony of a social worker with respect to the underlying facts involved in the assault conviction and as to his good character. But, as Mr. Justice STEUER has pointed out, there was no statutory provision entitling him to a hearing. Inasmuch as he had not yet acquired the status of a municipal employee with tenure or contractual rights, the Civil Service Law provisions for a hearing were not applicable. Neither statutory provisions nor fundamental law entitled him to a hearing. (See *Matter of Demilio* v. *Lounsbery,* 275 App. Div. 979; *Matter of Dornfest* v. *Hilliard,* 200 Misc. 649; *People ex rel. Woodward* v. *Draper,* 67 Misc. 460, affd. 142 App. Div. 102, affd. 202 N. Y. 612.)

There were provisions by statute, however, entitling the petitioner to "a written statement of the reasons" for his disqualification and to be "afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification." (Civil Service Law, § 50, subd. 4.) But, as stated by Mr. Justice VALENTE, in the majority opinion, "Admittedly those provisions do not mandate a statutory disqualification hearing". Supplementing these provisions, the Commission had adopted a rule providing that it should "afford such appellant a hearing with representation by counsel" (Rules and Regulations of N. Y. City Civ. Serv. Comm., rule IV, § III, par. 4.3.5, subd. [b]); but, in my opinion, this rule did not have the effect of entitling the petitioner to a trial or judicial type of hearing.

The requirement of a "hearing" as a condition precedent to particular administrative action, whether the requirement is by virtue of statutory or administrative regulation, is not necessarily to be construed as requiring a trial or judicial type hearing. The character and the scope of the "hearing"

required depends upon the type of the proceeding before the administrative body and the nature of the issues and rights of the parties to be determined therein. "Hearing procedure must be looked at as a whole, and must be adapted in its entirety to the accomplishment of its essential purpose." (1 Benjamin, Administrative Adjudication in the State of New York, p. 108.) Where not otherwise required for the proper prosecution of the proceeding, such as in the case of a true adversary proceeding, or required for the proper protection of the rights of the parties, an informal hearing is all that is necessary. (See *Matter of Town of Waterford* v. *Water Pollution Control Bd.*, 5 N Y 2d 171; *Matter of Kiamesha Concord* v. *Lewis*, 15 A D 2d 702; *Matter of Muscillo* v. *Town Bd. of Oyster Bay*, 28 Misc 2d 79; *Matter of Bogan* v. *Municipal Civ. Serv. Comm.*, 29 Misc 2d 750, affd. 14 A D 2d 792, mot. for lv. to app. den. 10 N Y 2d 709.)

Clearly, this proceeding before the Commission was not an adversary type proceeding. Furthermore, no fundamental right and no property or quasi-property right of the petitioner was at stake in the proceeding. (See, for instance, *Matter of Hecht* v. *Monaghan*, 307 N. Y. 461.) Involved were solely issues of policy and the exercise of discretionary rather than judicial or quasi-judicial powers. Thus, the validity of the determination rendered is not to be appraised in light of the "substantial evidence" test but would depend upon whether such determination constituted a reasonable rather than a mere arbitrary or capricious exercise of the power vested in the Commission. Under these circumstances, the petitioner was not entitled to the trial or judicial type of hearing with an examination and cross-examination of witnesses (see *Matter of Griffin* v. *Thompson*, 202 N. Y. 104; *People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44, rearg. den. 166 N. Y. 631; *Matter of McGuire*, 157 App. Div. 351, affd. 209 N. Y. 597; *People ex rel. O'Keefe* v. *Hynes*, 101 App. Div. 453) and he may not challenge the procedure employed at the discretionary hearing held by the Commission unless it operated to deprive him of a fair opportunity to explain the charges against him. (See *Matter of McGuire*, *supra*, p. 359; CPLR 7803, subd. 3.)

In light of the foregoing and upon the record here, I would not hold that the Commission was bound to receive the testimony of the social worker who had made the investigation into the circumstances surrounding the assault conviction. The petitioner was himself sworn and was given full opportunity of testifying as to all relevant facts; the Commission

received the several character references offered by him; and his counsel was fully heard. The petitioner was not curtailed in any way in the making of a first-hand explanation of the charge. On the other hand, the testimony of the social worker would have been principally hearsay in nature and cumulative in effect. The refusal of the Commission to hear such testimony did not constitute an abuse of discretion where, as appears here, it had a right to hold and did hold that such testimony would not assist it in the proper exercise of its discretionary powers.

I do agree, however, with the majority that the Personnel Director and the Commission, in determining that petitioner was "not qualified", were not entitled to take into consideration petitioner's adjudication as a wayward minor; and that, in view of the state of the record, the matter should be remanded for reconsideration and that, thereupon, if the Commission determines that the petitioner is not qualified, it should set forth the basis or reasons for arriving at such determination.

STEUER, J. (concurring). I concur in the result.

A reading of the record of the proceedings before the Commissioners leaves no doubt that the Commissioners affirmed the determination of the Personnel Director on the basis of the assault conviction. This being the fact, the formal recital as to petitioner's "arrest record" and speculation as to what could have been considered are irrelevant and would constitute no ground for remanding the matter.

Furthermore, contrary to the view expressed, I do not believe petitioner is entitled to a "hearing", using that word as a word of art to designate an administrative trial. Concededly, such a right is not found in the statute. What is provided for is an opportunity to explain (Civil Service Law, § 50, subd. 4, par [d]). While the rules of the Commission do contain the word "hearing", the rule in question was adopted to implement the statute and should not be interpreted to give it connotation beyond the statute.

What the petitioner was entitled to, therefore, was an opportunity to explain the conviction. Obviously this was not intended to be a naked right, namely that he could give his explanation and the Commission could disregard it, no matter what it might be. It is hardly conceivable that the Legislature would provide for an empty gesture or that the Commission in refusing to consider anything except the conviction itself was complying with the statute. Petitioner should have been

allowed to show, if he could, that the conduct underlying the conviction was not such as would disqualify him from holding a position in the civil service.

Here the petitioner sought to show that his connection with the crime was both technical and remote, and that he conceded his guilt only because it would entail no jail sentence or other sanction then known to him. As pointed out in the majority opinion, the facts of the plea and sentence provide prima facie substantial grounds for the validity of this contention.

While an opportunity to explain leaves to the Commission to determine the manner in which the explanation shall be made, it does not relieve the Commissioners from making an advised determination on the explanation. Concededly, they are under no obligation to retry the criminal proceedings. But whatever method they adopt, it must be adequate to allow the petitioner to explain and themselves to make an informed decision. Mere acceptance of the conviction as such is not compliance.

BOTEIN, P. J., and BREITEL, J., concur with VALENTE, J.; EAGER and STEUER, JJ., concur in result in separate opinions.

Determination unanimously annulled, without costs, and the matter remanded to the Civil Service Commission for further proceedings not inconsistent with the opinion of VALENTE, J., filed herein.