■ In the Matter of WILLIS BENEKY, Respondent, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant.—Judgment, Supreme Court, New York County, entered March 29, 1976, which granted the petition to the extent of vacating respondent's determination dismissing the petitioner and remanding the matter for further proceedings, unanimously reversed, on the law, and vacated, and the petition dismissed, without costs and without disbursements. Petitioner as a nontenured employee was not entitled to a full adversary hearing and was accorded the disciplinary procedure mandated by respondent's rules and regulations pertaining to nontenured law enforcement agents. The hearing before the commissioners at which petitioner was given an opportunity to be heard and of which he, in effect, had sufficient notice, comported with procedural due process. Further, petitioner's discharge, under the circumstances delineated in this record, does not explicitly or implicitly rest on reasons which would stigmatize him so as to foreclose the opportunity of future employment within the rationale of *Board of Regents v Roth* (408 US 564). There is no sufficient showing that the petitioner's discharge was in bad faith, and the punishment imposed, to wit, discharge, is under all the circumstances herein and having due regard for the sensitive position in which petitioner was employed, not " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Concur—Stevens, P. J., Markewich, Lupiano, Silverman and Lynch, JJ.