■ In the Matter of ANTHONY M. SCOTTO, Appellant, WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.—Order, Supreme Court, New York County, entered December 28, 1979 denying appellant's motion to quash a subpoena to testify, is reversed, on the law and the facts, and in the exercise of discretion, without costs, and the motion to quash said subpoena is granted. Respondent Waterfront Commission charged one Alphonso T. Pelaez, a supervising special agent, employed by respondent, with having unauthorized and improper transactions with petitioner, president of Local 1814 of the International Longshoremen's Association. Respondent directed a hearing to be held on these charges to determine what, if any, disciplinary action to take with respect to Pelaez. In connection with that, respondent issued a subpoena to petitioner Scotto to appear and testify. Petitioner has moved to vacate that subpoena. Special Term denied the motion. We reverse

and grant the motion. Respondent Waterfront Commission's general powers include the power to issue subpoenas (L 1953, ch 882, art 4, subd 8). But in our view, the subpoena power must be incident to either (a) the exercise by the commission of its governmental function, be it investigatory, regulatory or adjudicatory, or (b) a hearing that it is required to hold. We do not think such subpoenas may be issued whenever the commission wants some information merely in its proprietary or internal administrative capacity. To take an extreme example, it can hardly be contended that the commission's general subpoena power would permit it to subpoena a bank in which the commission has a bank account for the purpose of ascertaining whether a particular item had been properly debited or credited to its account. The subpoena here purports to be issued in connection with a disciplinary proceeding with respect to an employee of the commission. As such, this is not a governmental function, nor is this a case where the commission is required to hold a hearing. Pelaez is a nontenured employee. In the exactly parallel case of *Matter of Beneky v Waterfront Comm. of N. Y. Harbor* (54 AD2d 628, affd 42 NY2d 920) the commission was sustained in its contention that it could discharge a nontenured special agent for contacts with the same petitioner, Scotto, without a hearing; and that when the commission offered the employee an opportunity to examine the reports which charged him with improper conduct and permitted him to explain his actions, the commission did more than it was required to do. Thus there is no need for the commission to hold a hearing or subpoena anybody if they wish to discipline Pelaez. The Supreme Court has held that even a nontenured employee is entitled to a hearing where the charges would stigmatize him so as to foreclose him from the opportunity of future employment *(Board of Regents v Roth,* 408 US 564). Again, precisely in the analogous *Beneky* case, the Court of Appeals held that no hearing was necessary on this ground where the employee fails to challenge fairly the substantial proof of the material in question. There has been no showing that Pelaez has challenged the proof of the statements. In any event, the suggestion that this may be a "stigma" hearing would seem to be belied by respondent's insistence that the hearing be open to the public, notwithstanding the present desire of both Pelaez and Scotto that the hearing not be public. We are not prepared to accept that the commission's subpoena power depends on whether in its uncontrolled discretion it chooses to order a hearing as in this case or to dispense with a hearing as in the *Beneky* case. CPLR 2302 (subd [a]) authorizes the issuance of subpoenas by any commission authorized to do any act in any official capacity in relation to which proof may be taken or the attendance of a witness may be required. But "Subdivision (a) does not grant power to non-judicial bodies to use discovery devices. It merely permits them to issue subpoenas ad testificandum and duces tecum to obtain evidence in hearings they are *otherwise* authorized to hold, relieving them of the necessity of asking a court to issue the subpoena." (2A Weinstein-Korn-Miller, NY Civ Prac, par 2302.03; emphasis added.) Here there is no authorization to hold a hearing. And in *Matter of Costello* (202 Misc 51) it was held that where a borough president had power to remove an employee without a hearing, he had no power to issue a subpoena for the purpose of taking testimony as a matter of favor and grace in aid of his power to remove an employee. (see, also, 2A Weinstein-Korn-Miller, NY Civ Prac, par 2302.10.) We can only conclude that respondent is not issuing a subpoena here in aid of its disciplinary hearing but that its real object is simply to get petitioner's testimony on a matter of interest to the commission. If that is what the commission desires, it should order an investigation in the exercise

of its governmental and investigatory power which will then be subject to whatever may be the appropriate rules of law applicable to such an investigation. Concur—Kupferman, J. P., Sandler, Markewich and Carro, JJ.

Silverman, J., dissents in a memorandum as follows: I would affirm the order denying the motion to quash the subpoena. If the commission, in good faith, wishes to grant a hearing to an employee on such serious charges, we should not say they have no power to do so. It is clear that the employee wants a hearing, and the commission is willing to let him have one. Whether the hearing should be open to the public or closed can be determined by the commission subject to the courts. But in either case, a hearing can be held and witnesses subpoenaed. Further, as the Special Term Justice pointed out: "This disciplinary proceeding is clearly not a matter of purely internal concern. Rather, it involves questions that are directly related to the law enforcement purposes for which the Commission was established." Of course the commission wishes to find out (a) whether the employee engaged in misconduct that warrants discipline, and (b) whether its employees perform their regulatory job honestly, and in that connection, the commission wants to find out about contacts between its employees and the waterfront persons and organization which it is the commission's duty to regulate. No doubt the commission could hold two separate proceedings, a disciplinary one and an investigatory one. But where these functions are so closely related, I see no reason why the commission cannot combine them in one hearing and issue a subpoena accordingly.