■ In the Matter of JOSEPH L. McSHANE, Appellant, v CITY CIVIL SERVICE COMMISSION OF THE CITY OF NEW YORK et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County, entered March 8, 1971, dismissing the petitioner's application and thereby denying his requested review of respondent's dismissal of him as a patrolman, unanimously reversed, on the law, and vacated, without costs and disbursements, and the application granted to the extent of remanding this matter

to the New York City Civil Service Commission for a plenary hearing concerning the petitioner's medical qualifications to perform services as a police officer. Petitioner was appointed a probationary patrolman in the New York City Police Department on June 30, 1969 and successfully completed his one-year probationary period. By notice from the department of personnel dated October 21, 1970, petitioner was informed that the personnel director found him not qualified for failure to meet medical requirements and that the police department had been requested to terminate his employment. The gravaman of the termination is asserted to be the discovery of the petitioner's history of mental illness culminating in the police surgeon's diagnosis (Nov, 1970) of "schizophrenic reaction". In his application to join the force, petitioner set forth his medical history and admitted he was hospitalized and had psychiatric examinations. Stressing his able performance of duties assigned to him by the department up to and including the time of his dismissal, petitioner contests the validity of the police surgeon's examination and report as it relates to events which occurred in 1962. Petitioner's reliance on section 75 (subd 1, pars [a], [b]) of the Civil Service Law as entitling him to a hearing after receipt of written charges and specifications is misplaced. Although petitioner's probationary period terminated some four months before he was discharged, respondents rely on subdivision 4 of section 50 of the Civil Service Law which provides for revocation of appointment upon the finding of facts which if known prior to appointment would have warranted petitioner's disqualification. This statute specifically states that the appropriate municipal commission may investigate the qualifications of an eligible after he has been appointed and "may revoke such eligible's certification and appointment and direct that his employment be terminated, provided, however, that no such certification shall be revoked or appointment terminated more than three years after it is made, except in the case of fraud" (See, also, Civil Service Law § 20, subds 1, 2; and New York City Civil Service Commission Rules and Regulations §§ 4.3.6, 4.7.9). Nevertheless, the circumstances delineated in the record mandate the holding of a plenary hearing in the interest of justice (See *Board of Regents v Roth,* 408 US 564; *Lombard v Board of Educ. of City of N. Y.,* 502 F2d 631; *Matter of Cohen v Department of Mental Hygiene of State of NY,* 48 AD2d 697). Petitioner apparently had undergone thorough physical and mental examinations prior to his service in the armed forces of the United States as well as in the police department. Nothing in the record casts a shadow on his ability to perform as a police officer excepting the report of the police surgeon. Such report predicated on a brief examination and review of the hospital record relating to psychosis in 1962 (which review was not afforded this court) in the context of the circumstances delineated above, impels the conclusion that petitioner be afforded an opportunity to rebut the findings upon which the recommendation that his employment be terminated is based. Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Nunez, JJ.