Memorandum. The order of the Appellate Division should be affirmed. On this appeal, petitioner seeks an annulment of respondent police commissioner’s determination to terminate his services as a probationary police officer without a hearing. As a probationary employee, petitioner is not entitled to an administrative hearing concerning the reasons for his dismissal absent proof, not present in this record, that the dismissal was for an improper reason or in bad faith (Matter of Bergstein v Board of Educ., 34 NY2d 318; Haberman v Codd, 48 AD2d 505; Matter of Reeves v Golar, 45 AD2d 163; *861 Matter of Ramos v Department of Mental Hygiene, 34 AD2d 925). In light of the uncontested facts concerning petitioner’s involvement with organized crime, even assuming that those liaisons were innocently undertaken in connection with his previous employment as a so-called undercover agent, the discharge was rationally based and not arbitrary nor capricious (see Matter of Talamo v Murphy, 38 NY2d 637; Matter of Farrell v New York City Police Dept. 37 NY2d 843). Also significant and supportive of respondent’s decision is the fact that neither prior to nor upon his entry into the police department, did petitioner disclose his organized crime contacts.
In his prayer for relief below, petitioner sought only an annulment of the commissioner’s determination and reinstatement as a probationary police officer. Consequently, we do not reach or pass upon the constitutional issue advanced by petitioner.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.