■ In the Matter of SUZANNE REISMAN, Appellant, v MICHAEL J. CODD, as Commissioner of Police of the City of New York et al., Respondents.—Judgment, Supreme Court, New York County, entered October 30, 1975, dismissing the petition in a CPLR article 78 proceeding is unanimously affirmed, without costs and without disbursements. We agree with the reasons stated by Justice Gellinoff at Special Term for his decision. We add the following: *Berns v Civil Serv. Comm., City of NY,* (537 F2d 714) indicates that it is a violation of due process of law to dismiss a municipal employee without a hearing after the employee's probationary period has expired, notwithstanding the provisions of subdivision 4 of section 50 of the Civil Service Law which permits the Civil Service Commission to investigate the qualifications of an employee after appointment and to revoke the appointment upon finding facts, as it did here, which if previously known, would have disqualified the employee. The Second Circuit Court of Appeals did say "a federal court must look to state law to determine whether the employee has satisfied the requirements for attaining a property interest in the job that will be protected by the due process clause." *(Berns v Civil Serv. Comm., supra,* p 716.) We are not at all clear that that court was correct in its interpretation of New York State law as holding that an employee retained beyond her probationary period achieves such a status despite the provisions of subdivision 4 of section 50 of the Civil Service Law. However, a proceeding under CPLR article 78 partakes of the character of a motion for summary judgment in which the court must determine whether there is a triable issue of fact (CPLR 7804, subd [h]; 409, subd [b]). Here the court properly determined that there was no triable issue of fact. The record conclusively establishes that petitioner did not meet the qualifications for the job at the required date; that she was promptly notified of her disqualifi-

cation; that she then made a misstatement to the commission as to the date of her qualifications; that the commission relied on that misstatement so as to revoke the disqualification; and that when the commission ultimately investigated and determined the true facts, the commission terminated her employment. As the Court of Appeals said in *Matter of Shraeder v Kern* (287 NY 13, 14): "The Municipal Civil Service Commission has power and is under a duty to rescind a certification where an applicant has made a misstatement of a material fact upon which the Commission has relied and upon which it has based its conclusion that the applicant was eligible to take the examination. That is true whether the misstatement was made with fraudulent intent or by mistake." In the present case there is no dispute that petitioner "has made a misstatement of a material fact upon which the Commission has relied" in changing her rating from "Not Qualified to Qualified, subject to investigation," and that this happened before petitioner was appointed even as a probationer. There being no triable issue of fact, a hearing was unnecessary. (Cf. *State Div. of Human Rights v Bond, Schoeneck & King,* 52 AD2d 1045, 1046.) Concur—Markewich, J. P., Kupferman, Silverman, Capozzoli and Lane, JJ.