Memorandum. The order of the Appellate Division should be affirmed, with costs. Petitioner, an investigator for the Waterfront Commission, concedes that he met with a reputed organized crime figure, who had been a target of numerous investigations by the commission, and that this meeting did not occur in the regular course of his employer’s business. As a nontenured employee, petitioner was not entitled to a full adversary hearing concerning the reasons for the termination of his employment unless there was proof that the discharge was for an improper reason or in bad faith. (See, e.g.,
 
 Matter, of Anonymous v Codd,
 
 40 NY2d 860;
 
 Matter of Bergstein v Board of Educ.,
 
 34 NY2d 318, 322;
 
 Board of Regents v Roth,
 
 408 US 564.) But, here, the proof failed to show improper motivation or bad faith and, thus, no hearing was required. In fact, the commission did more than it was required to do, under the Constitution and its own rules, by granting petitioner an opportunity to examine the reports which charged him with improper conduct and by permitting him to explain his actions. As to the claim that a hearing was necessary in view of the stigma attaching to the termination of his employment, it is sufficient to note that no hearing is necessary
 
 *922
 
 where the employee fails to "affirmatively” challenge "the substantial truth of the material in question”.
 
 (Codd v Velger,
 
 429 US 624, 627-628.)
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.