■   ARNOLD E. JOHNSON, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered October 12, 1976, which denied petitioner's application and dismissed his petition to annul the determination of the New York City Civil Service Commission that petitioner was not qualified for the position of tractor operator, New York City Department of Sanitation, and directed termination of his employment, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated and the application granted to the extent of remanding the matter to the New York City Civil Service Commission for a hearing as to petitioner's qualifications and eligibility for the position. Petitioner was appointed to the position of tractor operator for the Department of Sanitation on October 20, 1972, having previously taken and passed the civil service examination for that position. The determination sought to be reviewed here was made two and one-half years later, by notice to petitioner dated March 3, 1975, notifying him that he was found unqualified because he did not satisfy the experience requirement for the position. Petitioner had listed two periods of employment as satisfying the experience requirement: (1) from October, 1961 to July, 1966, employed by Vanbro Road Materials Corp. maintaining and operating diesel powered track type tractors, and (2) from January, 1967 to "present", sometime prior to October 20, 1972, employed by E. H. Kleiberstein maintaining, operating and demonstrating track type diesel powered tractors. The Department of Personnel, upon initial investigation over two years after petitioner's appointment to the position, concluded that petitioner did not satisfy the eligibility requirements. He was credited with a total of two and one-half years of satisfactory experience, less than the five-year minimum requirement. Although the manager of Vanbro had originally stated that petitioner was primarily a mechanic for 75% of the time and operated only 25% of the time, after petitioner's appeal of the determination the Vanbro manager reversed himself and claimed petitioner had been employed 75% of the time as an operator and 25% as a mechanic. Payroll records requested were not

produced because the manager stated they were not available. Upon the subsequent investigation with respect to petitioner's employment at Kleiberstein, it was determined that petitioner should be credited with one year and eight months' experience at Kleiberstein, for a total at both firms of 2 years and 10 months. Petitioner's dismissal from employment is grounded upon subdivision 4 of section 50 of the Civil Service Law, which authorizes the appropriate municipal commission to investigate the qualifications and background of an eligible after his appointment from the list and further authorizes revocation of appointment upon finding facts which, if known prior to appointment, would have warranted disqualification. Subdivision 4 of section 50 of the Civil Service Law does not require that a hearing be conducted prior to termination of employment. However, the interests of justice may require a hearing in a given case such as this where there is a factual issue as to whether the applicant met the experience qualifications for the position or was otherwise eligible to take the examination, and the totality of circumstances indicates that petitioner may not have been treated fairly. (See *Matter of McShane v City Civ. Serv. Comm. of City of N. Y.,* 51 AD2d 521; *Matter of Reisman v Codd,* 54 AD2d 878.) Here, we conclude that a hearing should be conducted as to petitioner's qualifications and eligibility for the position, in the light of the contradictory reports from Vanbro's manager. The question is essentially a factual determination depending upon the credibility to be accorded the conflicting reports. Respondents credited the results of the first interview and disregarded the second interview, in effect disposing of the issue as a matter of law, without affording petitioner an appropriate opportunity to offer supporting proof for the results of the second interview. In that respect, respondents' determination was arbitrary and capricious. Concur—Kupferman, J. P., Silverman, Fein, Sandler and Sullivan, JJ.