## (October 26, 1978)

Vatuk B. Prasad, Appellant, v Richard Merges, as Director of Wassaic Developmental Center, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 6, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the New York State Civil Service Commission terminating petitioner from his civil service position. The issue presented by this appeal is whether petitioner was deprived of his constitutional rights when he was terminated from his permanent public service position without a hearing. On the application which petitioner submitted to take a civil service examination for the position of Psychologist II in the State civil service, he responded "no" to the question "Were you ever dismissed or discharged from any employment for reasons other than lack of work or funds or have you ever resigned in lieu of charges?" He also stated in that application that the reason he left two prior public service positions at the Willard State Hospital and the New York City Department of Correction was "study programs". Petitioner was certified as eligible for appointment and was appointed from the eligible list to the position of Psychologist II at the Wassaic Developmental Center, effective July 3, 1975. After completion of his probationary period, he received a permanent appointment to that position in August of 1975. Following petitioner's appointment, the investigation section of the Department of Civil Service discovered that, contrary to his answers in the application, petitioner had been terminated from the two prior public service positions due to unsatisfactory performance of his duties and had been permitted to resign in lieu of termination. On March 1, 1976 the Director of Civil Service Security Operation sent petitioner a "Notice of Possible Disqualification" from the Psychologist II examination upon the ground that petitioner intentionally made false statement of a material fact in his application regarding "Dismissal or resignation in lieu of charges from employment". The notice informed petitioner of his right to submit in writing any pertinent explanation regarding the prior terminations. Petitioner returned this notice with the notation "With plans for educational programs reason was disclosed. Besides they were temporary or provisional." Petitioner was subsequently provided with additional details, in writing, regarding his prior separations, and his reply letter admitted that the termination notice from one of the prior public service jobs indicated "unsatisfactory work or some such thing". The Civil Service Commission ultimately found petitioner disqualified for the Psychologist II examination and, without a hearing, terminated his appointment to Wassaic. Article 4 of the Civil Service Law empowers the State Civil Service Department to refuse to examine an applicant or after examination to certify an eligible "who has intentionally made a false statement of any material fact in his application" (Civil Service Law, § 50, subd 4, par [f]). The statute also

prohibits the disqualification of a person unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation (Civil Service Law, § 50, subd 4). The statute also grants the State Civil Service Department the authority to investigate an eligible after he has been appointed, and to revoke his certification and appointment within three years after it is made, "upon finding facts which if known prior to appointment, would have warranted his disqualification, or upon a finding of illegality, irregularity or fraud of a substantial nature in his application" (Civil Service Law, § 50, subd 4). Although the statute does not mandate a disqualification hearing, where, as here, such facts are discovered after appointment, petitioner nevertheless contends that since his probationary period had ripened into a permanent appointment, he thereby acquired a constitutionally protected property interest in his employment under the due process clause and could not be discharged without a prior hearing. Whether a public service position is a protected property interest under the due process clause is determined by reference to State law *(Bishop v Wood,* 426 US 341; *Board of Regents v Roth,* 408 US 564). In New York, the Department of Civil Service may terminate employment without a hearing where a postappointment investigation reveals facts which, if known prior to appointment, would have warranted disqualification. The sole requirement, that the basis of the disqualification be stated in writing, with an opportunity to offer an explanation, was here complied with. In *Matter of Shraeder v Kern* (287 NY 13, 14), where a public servant's probationary period had expired, the Court of Appeals held that a certification must be rescinded "where an applicant has made a misstatement of a material fact upon which the Commission has relied and upon which it has based its conclusion that the applicant was eligible to take the examination. That is true whether the misstatement was made with fraudulent intent or by mistake." Thus, since an applicant who intentionally makes a false statement of a material fact in his application may be terminated from his public service position, he does not have a protected property interest in his position which requires a pretermination hearing. This applies even where his probationary period has expired for, as we recently held, subdivision 4 of section 50 of the Civil Service Law applies to permanent civil service appointments where there has been a finding of illegality, irregularity or fraud in the application discovered after appointment *(Matter of Giangiacomo v Village of Liberty,* 50 AD2d 666, affd 40 NY2d 957). Since it is clear that petitioner intentionally made materially false statements of fact which if known prior to his appointment would have justified his disqualification, his dismissal without a hearing was not improper (see *Matter of Reisman v Codd,* 54 AD2d 878). Petitioner also contends that the reasons given for his disqualification deprived him of a liberty interest in his reputation and the due process clause therefore entitled him to a hearing before termination. Petitioner has not alleged that the communications between himself and respondent were made public and the record indicates that they were stated privately by letter. There is thus no basis for petitioner's claim that "his good name, reputation, honor or integrity" were thereby impaired since no public dissemination of any of the charges occurred. (See, e.g., *Bishop v Wood,* 426 US 341, *supra; Matter of Petix v Connelie,* 61 AD2d 65, 69; *Matter of Ause v Regan,* 59 AD2d 317.) Therefore, a hearing is not in order. We further note that, contrary to petitioner's claim that a hearing is necessary in view of the stigma attaching to the termination of his employment, no hearing is necessary where, as here, "the employee fails to 'affirmatively' challenge 'the substantial truth of the material in question' "

*(Matter of Beneky v Waterfront Comm. of N. Y. Harbor,* 42 NY2d 920, 922, cert den 434 US 940, quoting *Codd v Velger,* 429 US 624, 627-628). We find no merit in petitioner's equal protection argument. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.