OPINION OF THE COURT
Jones, J.
A subpoena issued by the Waterfront Commission of New York Harbor to compel attendance of a witness at a nonmandated disciplinary hearing accorded one of the commission’s employees on charges of alleged improper conduct with a waterfront labor leader is not subject to challenge as beyond the authority of the commission.
Movant Anthony M. Scotto has applied to quash a subpoena issued to him by respondent Waterfront Commission of New York Harbor to compel his attendance as a witness at a hearing being conducted by the commission in connection with disciplinary charges filed against one of its employees, Alfonso Pelaez. Special Term’s denial of the motion was reversed by the Appellate Division, with one Justice dissenting. We now reverse the order of that court and confirm respondent’s authority to issue the challenged subpoena.
Respondent is an interstate agency created by a compact between the States of New Jersey and New York to regulate waterfront activities in the Port of New York District for the purpose, among others, of eliminating corrupt and illegal practices in waterfront employment (L 1953, ch 882, § 1, art I).[1] In 1978 Pelaez, a long-time employee of the commission, held a position as supervising special agent in which capacity he had supervisory responsibility for investigator-special *692 agents working in the Brooklyn sector of the port. Movant Scotto was then president of the local union of the International Longshoreman’s Association which had jurisdiction over Brooklyn longshoremen, and also held office in the International Association itself. He was also the subject of an investigation of illegal port activities by Federal authorities which included inquiry into unauthorized meetings and communications between Scotto and Pelaez, resulting in Pelaez’ likewise becoming a target of that investigation.
After Pelaez had appeared before the Federal Grand Jury and had then disclosed to his superiors the fact of his meetings with Scotto he was suspended on March 14, 1979 and thereafter was served with a notice of hearing on a charge of conduct unbecoming a commission employee and inimical to the best interests of the commission. Based on information received from the United States Attorney the charges were subsequently enlarged to include a charge that Pelaez had solicited the aid of Scotto and one or more longshoremen registered by the commission to obtain for himself another position at the commission or elsewhere. After Scotto had testified at his own trial on a Federal indictment in United States District Court concerning receipt of specific information from Pelaez with respect to unlawful payments made by a waterfront company manager to waterfront labor leaders, the disciplinary charges against Pelaez were again amended to incorporate this transfer of information, which Scotto had revealed.
So much of Pelaez’ disciplinary hearing as preceded Scotto’s trial was held in closed session because of the pending trial. In response to efforts by Pelaez to secure Scotto’s appearance as a witness at the hearing, Scotto’s attorney advised that his client would not be available until his own Federal criminal trial had concluded. When that proceeding ended, in December, 1979 the commission sought unsuccessfully to obtain Scotto’s voluntary appearance at the disciplinary hearing which was then to be continued in open session in view of the conclusion of the Scotto trial. Thereupon the commission issued the subpoena for Scotto’s appearance at the disciplinary hearing on December 18, 1979, which the Appellate Division has quashed, concluding that the commission’s subpoena power is limited to matters pertaining to its regulatory authority and to hearings that it is required to hold. Denominating the commission’s proceedings relating to the charges *693 against Pelaez as matters of internal discipline only, not incident to the regulatory authority of the agency, and determining that because Pelaez was a nontenured employee no hearing was required before the imposition of discipline or dismissal, the court found that the issuance of the subpoena to Scotto was beyond the authority of the agency. Our conclusion is otherwise.
We begin with recognition of the fact that within the catalogue of its statutorily granted general powers the Waterfront Commission has been expressly vested with authority to issue subpoenas to compel the attendance of witnesses and the giving of testimony and the production of evidence (§ 9810, subd 8).[2] The authorization stands independently, is without statutory limitation, and is necessarily of sufficient breadth to be employable in aid of another general power conferred by the same statutory section — i.e., the power conferred by subdivision 5 of section 9810 to appoint employees and fix their duties, qualifications and compensation, a power which we have construed as including the ancillary power to discipline and discharge such employees (Matter of Beneky v Waterfront Comm. of N. Y. Harbor, 42 NY2d 920, cert den 434 US 940). Indeed, movant and the court below have no difficulty in accepting an extension of the power of subpoena granted by subdivision 8 to implementation of the power of investigation and information gathering (incidental to waterfront activity regulation) conferred by subdivision 11. No reason is offered and none appears why the attachment of the subdivision 8 subpoena power to subdivision 11 activities should be accepted but a similar attachment to subdivision 5 activities (which, as *694 here, may also involve the collection of testimony and evidence) be rejected.
It is not determinative that the commission may not have been required to provide a hearing with respect to disciplinary charges lodged against its employee Pelaez because the latter did not enjoy the rights of a tenured employee, if that be the case. Indisputably, even if not compelled to do so, the commission nevertheless had authority to give the advantage of a hearing on charges — here, of a grave and perhaps even stigmatizing nature — to an employee, and in aid of such hearing to implement what is frequently regarded as a prerequisite to an effective hearing, the compulsory production of evidence. Its importance is particularly highlighted in this instance in which both the commission and the charged employee Pelaez seek the testimony of the witness Scotto.
Finally, there is in this case a factor which makes the availability of the subpoena power all the more evident — the fact that the alleged wrongdoing of the employee under investigation is itself a matter which is clearly subject to investigation by the commission under its authority to investigate waterfront practices generally, ancillary to the exercise of its regulatory powers. The misconduct charged to Pelaez consisted of solicitation by him of assistance of a waterfront labor leader in influencing employment within the regulatory agency itself or elsewhere, presumably in the waterfront industry, as well as the provision of agency information to the same labor leader at a time when he was the object of a Grand Jury investigation into waterfront activities. Such alleged acts — even without the pendency of disciplinary proceedings against the misbehaving agency employee — would themselves have invoked the general investigatory authority of the agency under subdivision 11 of section 9810. Concededly, the power of subpoena is an available tool in the exercise of that authority.
It was therefore error for the Appellate Division to have granted the motion to quash. The order should be reversed, with costs, and the motion to quash the subpoena denied.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. The text of the compact included in chapter 882 of the Laws of 1953 is contained in sections 9801-9873 of McKinney’s Unconsolidated Laws (Book 65). For convenience, future references to provisions of the statute will be to the sections of the Unconsolidated Laws.

. As relevant to this discussion, section 9810 provides:
"§ 9810 General powers and duties
"In addition to the powers and duties elsewhere prescribed in this compact, the commission shall have the power:
* ** *
"5. To appoint such officers, agents and employees as it may deem necessary, prescribe their powers, duties and qualifications and fix their compensation and retain and employ counsel and private consultants on a contract basis or otherwise;
* * *
"8. By its members and its properly designated officers, agents and employees, to administer oaths and issue subpoenas throughout both states to compel the attendance of witnesses and the giving of testimony and the production of other evidence;
* * *
"11. To make investigations, collect and compile information concerning waterfront practices generally within the port of New York district and upon all matters relating to the accomplishment of the objectives of this compact”.