■ In the Matter of ALFONSO PELAEZ, Respondent, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Waterfront Commission of New York Harbor to "lift" petitioner's temporary suspension from duty without pay, the appeal is from a judgment of the Supreme Court, Kings County, dated March 28, 1979, which granted the petition in part and directed that petitioner "shall be suspended with pay until the completion, but not determination, of the Commission's hearing". On April 30, 1979 petitioner's motion to dismiss the appeal on the ground that it involved a nonfinal determination in a CPLR article 78 proceeding was granted by this court and the commission's cross motion for leave to appeal was denied *(Matter of Pelaez v Waterfront Comm. of N. Y. Harbor,* 70 AD2d 1066). The Court of Appeals granted leave to appeal, determined that the order of Special Term was a final order, and remitted the matter to this court for further proceedings in accordance with its memorandum decision (48 NY2d 1021). Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. Petitioner, a 20-year employee of the Waterfront Commission of New York Harbor (hereafter the commission), was suspended by the commission without pay, effective March 14, 1979, pending a determination of charges that involved petitioner's allegedly clandestine meetings with a labor leader who had been, at times, under investigation by the commission and by other law enforcement agencies. The meeting came to light when petitioner, a nontenured supervisory special agent of the commission, was summoned to appear before a Federal Grand Jury that was hearing evidence against the labor leader. Petitioner successfully challenged the suspension without pay before Special Term as arbitrary and capricious and violative of due process. We reverse. We assume, without deciding, that the commission is correct in its position that it had the right to dismiss petitioner from his position without a hearing, as the latter was a nontenured employee (see *Matter of Beneky v Waterfront Comm. of N. Y. Harbor,* 42 NY2d 920). Having chosen instead not to exercise its right of summary dismissal but, rather, to grant petitioner a hearing, the commission had the power to suspend petitioner, without pay, in the interim, just as a policeman may be suspended without pay pursuant to section 155 of the Town Law and section 434a-20.0 of the New York City Administrative Code. We further find that such a payless

suspension may continue for a reasonable period or, stated another way, so long as the trial or hearing on the charges is held within a reasonably prompt time (see *Brenner v City of New York,* 9 NY2d 447; cf. *Barry v Barchi,* 443 US 55). The initial hearing on the charges herein was begun on April 19, 1979 and closed on May 10, 1979. We hold that this time span satisfied the requirement of a reasonably prompt hearing. However, no determination of the charges was thereafter made. Instead, the charges were amended twice and two further hearing dates were scheduled, July 12, 1979 and December 18, 1979. Petitioner's continuation on payless status during this period of protracted delay was improper, in our view, notwithstanding that the lengthy time involved may be the result of the commission's efforts to be eminently fair or even that certain delay resulted from the inability of the commission to obtain the appearance of the (now) convicted labor leader, as petitioner requested once the second set of charges was presented. Had the charges not been twice expanded by amendment, it would have been reasonable for the commission to have rendered its determination within one month of the close of the hearing. We thus conclude that petitioner was properly suspended without pay until June 10, 1979. Petitioner has received some pay for the approximately 12-week period between his initial suspension without pay (March 14, 1979) and June 10, 1979. This was done pursuant to this court's order of February 27, 1980, which vacated the statutory stay herein and directed that petitioner be paid his salary effective March 28, 1979, the date of the judgment appealed from. However, petitioner had also been forced by the commission to use all of his accumulated leave time from January 9, 1979 through March 13, 1979, which was tantamount to a suspension for approximately nine weeks. Therefore, petitioner actually received his salary for approximately one and one-half weeks more than he was otherwise entitled to and an adjustment must be made therefor. We note that the cases cited by petitioner in support of his due process claim do not address the precise issue involved here, to wit, whether the suspension of a nontenured public employee pending a hearing on disciplinary charges may be without pay. Finally, we note that *Matter of Beneky v Waterfront Comm. of N. Y. Harbor* (42 NY2d 920, *supra),* upon which the commission relies, is not authority for the suspension without pay, but, rather, of the right of the commission to dismiss a nontenured special agent without a hearing, where the agent does not challenge the truth of the allegations underlying the dismissal. Gulotta, J. P., Margett, O'Connor and Weinstein, JJ., concur.