■ In the Matter of ROBERT M. MINGO, Appellant, v PETER PIRNIE, as Personnel Officer for Wayne County and Director of Wayne County Civil Service Commission, et al., Respondents. — Judgment affirmed, without costs. Memorandum: Petitioner's certification of eligibility and his appointment as a patrolman in the Village of Palmyra were revoked and his employment was terminated pursuant to subdivision 4 of section 50 of the Civil Service Law, without a hearing, upon the finding by respondent Director of the Wayne County Civil Service Commission that petitioner had intentionally made false statements of material facts in his application or practiced or attempted to practice deception or fraud in his application. Following petitioner's employ- ment, complaint was received by respondent director that the information given by petitioner on his application for certification was false. Respondent began an investigation with respect thereto and, on learning facts tending to confirm the

charge, he advised petitioner thereof in writing and invited him to submit his explanations. Petitioner did so at great length, by letters from himself and his attorney and through manifold exhibits. Based upon the information contained therein and in verified written information obtained by respondent in his investigation, respondent concluded that petitioner had falsified the extent of his experience as a police officer and had concealed the facts concerning the reasons for his departure from previous positions, including facts that he was terminated for lack of compatibility and capability. Pursuant to section 50 (subd 4, pars [a], [e], [f], [g]) of the Civil Service Law, respondent thereupon revoked petitioner's certification of eligibility for the position of patrolman, and respondent Village of Palmyra thereupon terminated petitioner's appointment as such police officer. We conclude that the record amply supports respondents' action and that there is no ground for the court to vacate it. On the facts in this record we find that petitioner was accorded his full right to explain his conduct, and that he was not entitled to a hearing *(Matter of Shraeder v Kern,* 287 NY 13; *Matter of Marinick v Valentine,* 263 App Div 564, affd 289 NY 780; *Prasad v Merges,* 65 AD2d 663, mot for lv to app den and app dsmd 46 NY2d 712, 939, cert den 444 US 861; *Johnson v City of New York,* 63 AD2d 886, 887; *Matter of Reisman v Codd,* 54 AD2d 878; *Matter of McShane v City Civ. Serv. Comm. of City of N. Y.,* 51 AD2d 521, 522; *Matter of Adler v Lang,* 21 AD2d 107, 115). Petitioner does not allege that respondents publicized their action beyond the requirement of advising him thereof. We do not find in these circumstances that the action by respondents reflects upon petitioner's character or reputation so as to entitle him to a hearing on that ground (see *Matter of Anonymous v Codd,* 40 NY2d 860; *Prasad v Merges, supra; Matter of Reisman v Codd, supra;* cf. *Board of Regents v Roth,* 408 US 564, 573; *Johnson v City of New York, supra;* and see *Matter of Horowitz v Roche,* 70 AD2d 854; *Matter of Perry v Blair,* 49 AD2d 309, 313-314). All concur, except Hancock, Jr., J., who dissents and votes to reverse and remit the matter for a hearing, in the following memorandum.

Hancock, Jr., J. (dissenting). I would reverse and vacate the actions of respondents, and remand the matter to the Wayne County Civil Service Commission for a hearing to determine whether there is a factual basis for respondents' actions. In my opinion, the record presents factual questions as to whether the statements relied upon by respondents were "false statement[s] of * * * material fact[s]" intentionally made for the purpose of securing petitioner's eligibility or appointment by "deception or fraud" (Civil Service Law, § 50, subd 4, pars [f], [g]; see *Berns v Civil Serv. Comm., City of N. Y.,* 537 F2d 714, cert den 430 US 930; *Matter of Canarelli v New York State Dept. of Civ. Serv.,* 44 AD2d 645). Petitioner denies making any false statement in his application. The statements made by petitioner as the reasons for leaving his positions as policeman in the Village of Fairport and security guard at Monroe Community College are not, in the light of the explanations and interpretations set forth in his letter, so clearly contrary to the information given by the police chief of Fairport and the records of Monroe Community College as to warrant the finding by the Civil Service Commission, without a hearing, that petitioner's statements were intentionally false. Witnesses should have been called on the material issues and petitioner should have been given the right to cross-examine and to testify in his defense. Furthermore, the revocation of petitioner's appointment and the termination of his employment upon a finding that he was guilty of fraudulent conduct in his application, in my opinion, deprived him not only of a constitutionally protected property interest in the position but of a protected liberty interest as well, because of the attendant stigma and damage to his "good name, reputation, honor [and], integrity" *(Board of Regents v Roth,* 408 US 564, 573). For these additional reasons, he was entitled to a hearing *(Perry v Sindermann,* 408 US 593; *Board of Regents v Roth, supra,* pp 572-578;

*Berns v Civil Serv. Comm., City of N. Y., supra).* It cannot be claimed that the basis for respondents' action in discharging petitioner was not publicly known, inasmuch as the actions of the Wayne County Civil Service Commission are a matter of public record and petitioner's employment was officially terminated (because his appointment had been rescinded pursuant to subdivision 4 of section 50 of the Civil Service Law) by a resolution adopted by the village trustees at a public meeting on March 20, 1979. (Appeal from judgment of Monroe Supreme Court — art 78.) Present — Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.