55 N.Y.2d 1019 (1982)
In the Matter of Robert M. Mingo, Appellant,
v.
Peter Pirnie, as Personnel Officer for Wayne County and Director of Wayne County Civil Service Commission, et al., Respondents.
Court of Appeals of the State of New York.
Argued January 7, 1982.
Decided February 25, 1982.
James T. Hancock for appellant.
Donald Crowley, County Attorney, for Peter Pirnie, respondent.
James A. Spitz, Jr., for Mary Lou Wilson and others, respondents.
Chief Judge COOKE and Judges JASEN, GABRIELLI, WACHTLER and FUCHSBERG concur; Judge MEYER concurs in an opinion in which Judge JASEN also concurs; Judge JONES taking no part.
*1020 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs, for the reasons stated in the memorandum of the Appellate Division except insofar as it discusses a right to a hearing because of injury to petitioner's reputation. Inasmuch as that issue was not raised in the petition, it need not be reached here (cf. Matter of Anonymous v Codd, 40 N.Y.2d 860).
In addition, we note that the respondents' determination to disqualify petitioner was neither without factual basis nor was it arbitrary or capricious.
MEYER, J. (concurring).
I agree that injury to reputation was not raised in the petition and write only to articulate my views concerning subdivision 4 of section 50 of the Civil Service Law. That section requires no more than that the person to be disqualified be "given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification." It provides for no hearing and gives no authority to require one by the agency. Even at Special Term a hearing will not generally be required (cf. Johnson v City of New York, 63 AD2d 886; and Matter of McShane v City Civ. Serv. Comm. of City of N. Y., 51 AD2d 521), *1021 for the issue there will usually be whether the disqualification was without statutory authorization (see Matter of Beatty v New York City Tr. Auth., 68 AD2d 913, app dsmd 47 N.Y.2d 852) or was made without any basis in fact and thus was arbitrary and capricious (Matter of Buono v Bahou, 47 N.Y.2d 957; see Matter of Canarelli v New York State Dept. of Civ. Serv., 44 AD2d 645). Here, the disqualification is within the statutory authorization and, notwithstanding the letters presented by petitioner from the Fairport Police Department and the Monroe Community College Assistant Director of Security, it cannot be said that the commission disqualification determination was without factual basis.
Order affirmed, with costs, in a memorandum.