Meyer, J.
(concurring). I agree that injury to reputation was not raised in the petition and write only to articulate my views concerning subdivision 4 of section 50 of the Civil Service Law. That section requires no more than that the person to be disqualified be “given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification.” It provides for no hearing and gives no authority to require one by the agency. Even at Special Term a hearing will not generally be required (cf. Johnson v City of New York, 63 AD2d 886; and Matter *1021 of McShane v City Civ. Serv. Comm. of City of N. Y., 51 AD2d 521), for the issue there will usually be whether the disqualification was without statutory authorization (see Matter of Beatty v New York City Tr. Auth., 68 AD2d 913, app dsmd 47 NY2d 852) or was made without any basis in fact and thus was arbitrary and capricious (Matter of Buono v Bahou, 47 NY2d 957; see Matter of Canarelli v New York State Dept. of Civ. Serv., 44 AD2d 645). Here, the disqualification is within the statutory authorization and, notwithstanding the letters presented by petitioner from the Fairport Police Department and the Monroe Community College Assistant Director of Security, it cannot be said that the commission disqualification determination was without factual basis.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur; Judge Meyer concurs in an opinion in which Judge Jasen also concurs; Judge Jones taking no hart.
, Order affirmed, with costs, in a memorandum.