## PRASAD

v.

## WASSAIC DEVELOPMENTAL CENTER and New York State Department of Civil Service.

No. 81 Civ. 2265.

United States District Court, S. D. New York.

July 30, 1982.

Prasad, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants; Andrea G. Iason, Asst. Atty. Gen., New York City, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff was terminated from his position as a psychologist at the Wassaic Developmental Center, effective April 15, 1977, for intentionally making false statements of material fact in his application. Plaintiff had indicated on the application that he had never been dismissed or discharged from any employment for reasons other than lack of work or funds and that he had never resigned in lieu of charges. A subsequent investigation revealed that he had been terminated from his two prior positions at Willard State Hospital and the New York City Department of Corrections for unsatisfactory performance and had been permitted to resign in lieu of termination. Upon plaintiff's Article 78 petition, N.Y.C.P.L.R. Art. 78, the New York Supreme Court, Albany County determined that plaintiff was properly terminated without a hearing for intentionally making false statements of material fact on his application. The decision of the lower court was affirmed on appeal. *Prasad v. Merges*, 65 A.D.2d 663, 409 N.Y.S.2d 815 (1978), *appeal dismissed*, 46 N.Y.2d 939, 415 N.Y.S.2d 1028, 386 N.E.2d 340, *cert. denied*, 444 U.S. 861, 100 S.Ct. 126, 62 L.Ed.2d 82 (1979).

On September 7, 1977, plaintiff filed a complaint with the New York Division of

Human Rights ("NYHRD") charging the Wassaic Developmental Center and the New York Department of Mental Hygiene with discrimination against him on the basis of his race, color and national origin, and of retaliation. The NYHRD sent the complaint to the EEOC, which deferred the charge back to it. After conducting an investigation, the NYHRD concluded that there was no probable cause to believe that Wassaic had engaged in the unlawful discrimination practice complained of and dismissed the complaint. Plaintiff appealed to the State Human Rights Appeal Board, which affirmed the determination of the NYHRD as "not arbitrary, capricious or characterized as an abuse of discretion." Plaintiff filed a petition with the Appellate Division, Second Department to set aside the adverse administrative determination on the grounds that he had been terminated because of his color and national origin and in retaliation, and that he had not received a fair hearing. On January 15, 1979, the Appellate Division unanimously affirmed the determination of the Appeal Board. Plaintiff could have, but did not seek review by the New York Court of Appeals.

On June 27, 1980, a District Director of the EEOC ruled that there was no reasonable cause to believe that the charge of discrimination was true and issued a right-to-sue notice. On December 5, 1980, the District Director refused a request for reconsideration, noting that he had reviewed all the additional documents submitted by plaintiff in addition to plaintiff's case file and that the determination as rendered was "correct and appropriate in all respects."

■ In October, 1980, plaintiff commenced this action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, raising claims that had already been raised in the state administrative and judicial proceedings. Defendants move for summary judgment. The New York State procedures for determination of claims of employment discrimination afford a full and fair opportunity to litigate the merits, and the judgment of the New York State court that plaintiff's discrimination claim is unproven has res judicata and collateral estoppel effect barring plaintiff's Title VII and § 1981 actions. *See Kremer v. Chemical Constr. Corp.,* —— U.S. ——, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Mitchell v. National Broadcasting Co.,* 553 F.2d 265 (2d Cir. 1977). Upon this record, there is no room to "doubt that [plaintiff] received all the process that was constitutionally required in rejecting his claim that he had been discriminatorily discharged contrary to the statute." *Kremer v. Chemical Constr. Corp., supra,* 102 S.Ct. at 1898. The *pro se* complaint also claims that Due Process required that plaintiff be afforded a hearing before termination. But plaintiff presented this claim in his Article 78 petition to the State Supreme Court, and it was rejected by that court and by the Appellate Division upon appeal. *See Prasad v. Merges, supra,* 65 A.D.2d at 664–65, 409 N.Y.S.2d at 817–18; slip op. at 1, 3 (Sup. Ct. Mar. 17, 1977). Therefore, plaintiff is also precluded from litigating this claim in federal court. *See Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Powell v. Ward,* 643 F.2d 924, 932 n.10, 934 (2d Cir.) (per curiam), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981); *Ornstein v. Regan,* 574 F.2d 115 (2d Cir. 1978); *Winters v. Lavine,* 574 F.2d 46 (2d Cir. 1978). Moreover, the complaint was filed more than three years after the effective date of plaintiff's termination, and therefore his Due Process and § 1981 claims are also barred by the applicable statute of limitations. *See Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1978); *Keyse v. California Texas Oil Corp.,* 590 F.2d 45 (2d Cir. 1979). Accordingly, the motion is granted and the complaint dismissed.

So ordered.