■ In the Matter of MARTIN ORLIAN, Appellant, v GRADUATE

School and University Center of City University of New York et al., Respondents. [612 NYS2d 826] —Appeal from an order, Supreme Court, New York County (Kristin Booth Glen, J.), entered November 24, 1992, which granted petitioner's application only to the extent of adhering to its prior determination dismissing the CPLR article 78 petition, unanimously dismissed, without costs.

Petitioner's claims regarding the allegedly unfair treatment he received while a doctoral student are moot inasmuch as petitioner represents on appeal that he has obtained his doctoral degree.

In any event, contrary to petitioner's claim, the IAS Court properly dismissed the petition without holding an evidentiary hearing (CPLR 7804 [h]), inasmuch as petitioner failed to raise a triable issue of fact as to whether respondents acted in good faith (see, Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs., 80 AD2d 979; Matter of Reisman v Codd, 54 AD2d 878). Nor did petitioner establish that respondents acted in bad faith by failing to provide him with another mentor after the mentor with whom petitioner had worked discontinued his relationship with petitioner. Respondents established that university policy did not require them to provide petitioner with another mentor and petitioner failed to show otherwise. We note in this regard, however, that respondents nevertheless assigned another advisor to petitioner to assist and advise him in the writing of his dissertation.

Were we not dismissing the appeal, we would find petitioner's other contentions to be without merit. Concur—Murphy, J. P., Ellerin, Kupferman, Ross and Tom, JJ.