■ In the Matter of TODD MARTIN, Petitioner, v BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT et al., Respondents. [627 NYS2d 703] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Yonkers City School District, dated February 25, 1993, which, after a hearing, found the petitioner guilty of misconduct and dismissed him from his position as a permanent custodial worker.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contentions, the respondent Board of Education of the Yonkers City School District (hereinafter the Board) was not barred by Civil Service Law § 50 (4) from terminating him for making material misrepresentations on his employment applications. Construing the statutory language in accordance with its plain meaning, Civil Service Law § 50 (4) is not the exclusive remedy of the Board where the charging party is the Board and is neither the "State Civil Service Department" nor the local municipal civil service commission, namely, the Yonkers Civil Service Commission. Based upon the misstatements on his application for employment, the Board, as the petitioner's employer, had the clear right to bring charges against him pursuant to Civil Service Law § 75 based upon his fraudulent representations.

The petitioner contends that a Yonkers City Court, Criminal Division report enumerating his prior criminal history was improperly admitted at the hearing. Strict adherence to technical rules of evidence is not required at administrative hearings (see, Civil Service Law § 75 [2]; see also, Matter of Roge v Valentine, 280 NY 268, 278-280). In the instant matter this report was properly admitted (see, CPLR 4540 [b]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4540:1, at 313; CPLR C4540:3, at 315).

To annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (see, Matter of Lahey v Kelly, 71 NY2d 135, 140; Matter of Silberfarb v Board of Coop. Educ. Servs., 60 NY2d 979, 981; see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181; Matter of Pell v Board of Educ., 34 NY2d 222, 230). Here, the Board's determination was supported by substantial evidence.

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.