■ GEORGE JOHNSON, Appellant, v MICHAEL A. MARKMAN et al., Respondents. [733 NYS2d 355] —Order, Supreme Court, New York County (Michael Stallman, J.), entered April 13, 2000, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's first and third causes of action, which challenge defendant Police Department's disqualification of plaintiff from seeking employment as a police officer because of psychological reasons, were properly dismissed for failure to exhaust administrative remedies (NY City Charter § 813 [d]). It does not avail plaintiff to couch his claims in terms of a violation of his "rights to substantive and procedural due process," or in other constitutional terms, where resolution of his claims rests upon factual issues that are reviewable administratively (*see, Matter of Schulz v State of New York*, 86 NY2d 225, 232, *cert denied* 516 US 944; *Koultukis v Phillips*, 285 AD2d 433, 435). Plaintiff's second cause of action for defamation and deprivation of a liberty interest was properly dismissed since the actual defamatory words were not set forth in the complaint (CPLR 3016 [a]; *Farmelant v City of New York*, 187 AD2d 281, *appeal dismissed and lv denied* 81 NY2d 832, *cert denied* 509 US 927; *see also, Murganti v Weber*, 248 AD2d 208). Plaintiff will not be heard to speculate that he was defamed and then to argue that the action should not be dismissed until he has first been given an opportunity to confirm his speculation through

disclosure (*see, HT Capital Advisors v Optical Resources Group*, 276 AD2d 420). Absent allegations particularly setting out defendants' communications to plaintiff's prospective employers, there can be no basis for claiming that the communications were both stigmatizing and false, and thus no basis for claiming deprivation of a liberty interest (*see, Board of Regents v Roth*, 408 US 564, 573; *Gentile v Wallen*, 562 F2d 193, 197). In addition, the second cause of action fails for the separate reason that the allegedly defamatory communications were not made in the course of plaintiff's termination from governmental employment (*see, Aquilone v City of New York*, 262 AD2d 13, 13-14, *lv denied* 93 NY2d 819). Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Saxe, JJ.