■ WAZIR KHAN, Respondent, v DUANE READE et al., Appellants. [776 NYS2d 281]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered May 7, 2003, which, to the extent appealed from as limited by the briefs, denied sub silentio the branch of defendants' motion seeking to dismiss the complaint, unanimously reversed, on the law, with costs, the branch of the motion seeking to dismiss the complaint granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The IAS court erred in failing to dismiss plaintiff's first cause of action sounding in defamation inasmuch as plaintiff failed to allege the precise words allegedly giving rise to defamation (*Johnson v Markman,* 288 AD2d 165 [2001]; *Farmelant v City of New York,* 187 AD2d 281 [1992], *lv denied* 81 NY2d 832 [1993], *cert denied* 509 US 927 [1993]) and failed to allege in the complaint the time, place and manner of publication (*Williams v Varig Brazilian Airlines,* 169 AD2d 434 [1991], *lv denied* 78 NY2d 854 [1991]). Furthermore, insofar as defendants' internal employee performance report and loss prevention report were generated on January 24, 2001 and the resulting police report was filed on January 25, 2001, plaintiff's cause of action sounding in defamation, which was commenced on January 28, 2002, is time-barred under CPLR 215 (3).

Likewise, the IAS court erred in failing to dismiss plaintiff's second cause of action for malicious prosecution inasmuch as plaintiff failed to demonstrate that defendants acted with the requisite malice or lacked probable cause to commence the subsequent criminal proceeding (*see Brown v Sears Roebuck & Co.,* 297 AD2d 205 [2002]; *Grant v Barnes & Noble,* 284 AD2d 238 [2001]). Plaintiff has also failed to show that the underlying criminal matter was terminated in his favor (*see Broughton v State of New York,* 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]). Further, this cause of action is also time-barred under CPLR 215 (3).

Similarly, plaintiff's cause of action for intentional infliction of emotional distress should have been dismissed by the IAS court. Plaintiff failed to demonstrate that defendants' conduct was so extreme, reckless and outrageous as to cause plaintiff severe emotional distress (*see Howell v New York Post Co.,* 81 NY2d 115, 121-122 [1993]). Under the circumstances, we do not find the defendants' conduct in filing a police report based upon a reasonable suspicion that plaintiff, an employee-at-will, was stealing store merchandise so extreme, reckless or outrageous as to state a cause of action for intentional infliction of emotional distress (*see Priore v New York Yankees,* 307 AD2d 67 [2003], *lv denied* 1 NY3d 504 [2003]) or was sufficient to support a cause of action for negligent infliction of emotional distress. In any event, the cause of action for intentional infliction of emotional distress is time-barred under CPLR 215 (3) (*see Spinale v Guest,* 270 AD2d 39 [2000]). Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.