(April 11, 2006)

■ Equinox Management Group, Inc., Appellant-Respondent, v Guardian Life Insurance Company of America et al., Respondents-Appellants. [813 NYS2d 403]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered January 5, 2005, which, to the extent appealed and cross-appealed as limited by the briefs, denied the motion to dismiss the third, fifth, sixth and eighth causes of action and dismissed the claim for punitive damages, unanimously modified, on the law, to dismiss the sixth and eighth causes of action, and otherwise affirmed, without costs.

Plaintiff is an underwriting manager that has been engaged in operating reinsurance pools since 1994. Plaintiff entered into an underwriting agreement in 1999 with defendant Guardian to operate a reinsurance business and manage an underwriting pool denominated a Catastrophic Accident Target Reinsurance Facility (CAT facility). Three years later, defendant Starr, a Guardian officer, wrote a letter to CAT facility retrocessionaires, informing them that Guardian had audited the facility and determined that plaintiff had underwritten unauthorized risks. Four months later, Starr sent another letter, which retracted the earlier charge and stated that Guardian was now satisfied

that plaintiff had the authority Starr had earlier denied. The instant action, alleging 12 causes of action and seeking damages resulting from a claimed loss of $25 million, ensued. Defendants moved to dismiss the entire complaint on the ground that it failed to state a cause of action. The IAS court's refusal to dismiss the tenth cause of action and its dismissal of the first, second, seventh, eleventh and twelfth causes of action is not now challenged on appeal.

The third and fifth causes of action are based on Starr's allegedly defamatory letter, seeking damages for defamation and disparagement of business reputation. While the IAS court reasoned that Starr's letter contained truthful statements that plaintiff lacked the authority to write certain business, the record evidence indicates that plaintiff had obtained such authority through an arrangement with a Guardian executive. "[T]he legal question for the court on a motion to dismiss is whether the contested statements are reasonably susceptible of a defamatory connotation" (*Armstrong v Simon & Schuster,* 85 NY2d 373, 380 [1995]). Given the state of the record, the IAS court wrongly concluded that Starr's first letter contained truthful, nondefamatory allegations about plaintiff. If, as plaintiff contends, such statements were inaccurate, they would constitute libel per se since they would tend to injure plaintiff by suggesting that it was violating the terms of the CAT facility agreement by underwriting unauthorized risks (*see Liberman v Gelstein,* 80 NY2d 429, 435 [1992]). Since the third and fifth causes of action sufficiently allege defamatory statements, the CPLR 3211 (a) (7) motion was properly denied.

The fourth cause of action, based on disparagement of goods, did not set forth special damages and was properly dismissed (*see Drug Research Corp. v Curtis Publ. Co.,* 7 NY2d 435, 441 [1960]). The sixth and eighth causes of action were premised on allegations that defendants slandered plaintiff by making defamatory statements to third parties, but these causes of action should have been dismissed for failure to set forth the particular words purportedly used (*see e.g. Khan v Duane Reade,* 7 AD3d 311 [2004]). We have considered the parties' remaining claims and find them without merit. Concur—Buckley, P.J., Marlow, Sweeny, Catterson and McGuire, JJ.