■ In the Matter of GERARD URCIUOLI, Appellant, v DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES et al., Respondents. [905 NYS2d 65]—

Order, Supreme Court, New York County (Marylin G. Dia-

mond, J.), entered April 7, 2009, which dismissed this proceeding challenging the termination of petitioner's employment as a police officer, unanimously affirmed, without costs.

The notification of the Department's action retroactively rescinding approval of petitioner's application for employment and decertifying that he was qualified, effectively terminating his employment, further advised that he could appeal the determination to the New York City Civil Service Commission. Petitioner failed to do so, opting instead to bring the instant proceeding. He thus failed to exhaust his administrative remedies, foreclosing judicial review (*Johnson v Markman*, 288 AD2d 165 [2001]).

Petitioner's claimed entitlement to judicial review because the deputy commissioner who issued the challenged notice was not empowered to do so, such power being reserved exclusively for the commissioner under New York City Charter § 814 (a) (6), is unpreserved (*Matter of Kelly v Safir*, 96 NY2d 32 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for concluding that the deputy commissioner did not act pursuant to lawfully delegated authority (NY City Charter §§ 810, 1101 [a]).

Petitioner also failed to preserve his claim that under Civil Service Law § 50 (4), respondents were required to rescind his application within three years of the triggering event, and we decline to review that claim in the interest of justice as well. As an alternative holding, we find that this claim also lacks merit. That provision allows such action beyond three years in the event of an applicant's fraudulent misstatement or omission of material facts. Documentary evidence amply established that petitioner deliberately concealed his arrest in Jamaica in connection with charges that he possessed, was dealing in, and tried to export a significant quantity of marijuana. His deliberate concealment and omissions of relevant information were designed to fraudulently ensure that he obtained, and then retained, his employment as a police officer, and justified his termination. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.