■ In the Matter of GARY WALSH, Petitioner, v RAYMOND KELLY, as Police Commissioner of the New York City Police Department, et al., Respondents. [912 NYS2d 406]—

Determination of respondent New York City Civil Service Commission, dated May 23, 2008, which, after a hearing, affirmed the determination of respondent New York City Department of Citywide Administrative Services to disqualify and terminate petitioner as a New York City police officer on the ground that he omitted and falsified pertinent facts about his background in his application for employment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Shirley Werner Kornreich, J.], entered March 9, 2009), dismissed, without costs.

The hearing before the Civil Service Commission was not mandated by law and, therefore, the proceeding was improperly transferred to this Court (*Matter of Mingo v Pirnie*, 78 AD2d 984, 984-985 [1980], *affd* 55 NY2d 1019 [1982]). Nevertheless, we decide the matter on the merits (*Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y.*, 24 NY2d 174, 180 [1969]; *Matter of DeMonico v Kelly*, 49 AD3d 265 [2008]).

The determination is rationally supported by testimony and documents adduced at the hearing showing that petitioner concealed that he had been a suspect in a criminal homicide while in the army and had associated with members of a gang that had committed a homicide. Furthermore, the Suffolk County Police Department had disqualified him from serving as a police officer (*see Mingo*, 78 AD2d at 985; *Matter of Urciuoli v Department of Citywide Admin. Servs.*, 75 AD3d 427, 428 [2010]). No basis exists to disturb the Commission's credibility findings (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). We have considered petitioner's other arguments and find them to be unavailing. Concur—Gonzalez, P.J., Catterson, Acosta, Richter and Abdus-Salaam, JJ.