In the Matter of CYNTHIA ATTARD, Appellant, v KARL KAMPE et al., Respondents. [944 NYS2d 267]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Nassau County Civil Service Commission, dated August 11, 2010, which, without a hearing, revoked the petitioner's payroll certification and directed Lawrence Mulvey, Commissioner of the Nassau County Police Department, to terminate the petitioner's employment as a police officer with the Nassau County Police Department pursuant to Civil Service Law § 50 (4), the appeal is from a judgment of the Supreme Court, Nassau County (Parga, J.), entered February 9, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner's employment as a police officer with the Nassau County Police Department was terminated following an investigation which revealed that she directly or indirectly had an ownership interest in the sale of alcoholic beverages, in violation of Alcoholic Beverage Control Law § 128, by reason of her 50% ownership in a beer distributorship which held a liquor license. Based upon its finding that the petitioner had intentionally made a false statement of a material fact which, if known prior to her appointment, would have warranted her disqualification, the Nassau County Civil Service Commission revoked the petitioner's payroll certification and directed the respondent Lawrence Mulvey, Commissioner of the Nassau County Police Department, to terminate her employment pursuant to Civil Service Law § 50 (4).

Contrary to the petitioner's contention, her status as a permanent appointee in the competitive class of the classified civil service did not entitle her to a mandatory pretermination hearing under Civil Service Law § 75 (1) (a), where the Nassau County Civil Service Commission relied upon Civil Service Law § 50 (4) in revoking her payroll certification and directing the termination of her employment (*see Matter of Mingo v Pirnie*, 55 NY2d 1019 [1982], *affg* 78 AD2d 984 [1980]; *Matter of McShane v City Civ. Serv. Commn. of City of N.Y.*, 51 AD2d 521 [1976]; *Matter of Canarelli v New York State Dept. of Civ. Serv.*, 44 AD2d 645 [1974]). Moreover, as evidenced by the petitioner's affidavit submitted in support of her petition, there were no disputed facts which would warrant a hearing in the interest of justice (*cf. Johnson v City of New York*, 63 AD2d 886 [1978]). As the petitioner was given a written statement of the reasons for her disqualification, and afforded an opportunity to make an explanation and submit facts in opposition (*see* Civil Service Law § 50 [4]), she was provided the appropriate due process for the property interest involved (*see Matter of Richie v Coughlin*, 148 AD2d 178, 182-183 [1989], *cert denied* 498 US 824 [1990]).

Moreover, although the Nassau County Police Department conducted an investigation into the petitioner's affiliation with the beer distributorship, the Nassau County Civil Service Commission properly conducted its own investigation into the petitioner's preemployment conduct, the results of which ultimately led to the termination of her employment pursuant to Civil Service Law § 50 (4) (*cf. Matter of Martin v Board of Educ. of Yonkers City School Dist.*, 215 AD2d 661 [1995]; *Borges v McGuire*, 107 AD2d 492 [1985]).

Under the circumstances presented, the penalty of the termination of the petitioner's employment was not so disproportionate to the offense as to be shocking to one's sense of fairness, "thus constituting an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.